# UNITED STATES CIRCUIT COURT.

DENNING DUER agt. WILSON SMALL, Receiver of Taxes, and others.

The law of the state of New-York (*Laws of* 1855, *ch.* 37, *p.* 44), which provides that all persons and associations doing business in the state of New-York, as merchants, bankers or otherwise, and *not residents* of the state, shall be assessed and taxed, on all sums invested in any manner in said business, the same as if they were residents of the state, is *not unconstitutional.*

*It seems*, that although the rule of law is, that personal estate follows the person of the owner, and, therefore, may be taxed in the state where the owner is domiciled, yet it does not follow that it cannot also be taxed in another state where it is actually invested in business.

*Southern District, New-York, February,* 1859.

THE complainant is a resident and citizen of the state of New-Jersey, and has been such resident and citizen since the month of January, 1855. During all that time he was, and still is, engaged in the business of banking in the city of New-York, as a partner in the firm of James G. King & Sons. The defendant is the receiver of taxes in and for the city and county of New-York.

J. C. BANCROFT DAVIS, *for plaintiff.*
ABRAHAM R. LAWRENCE, JR., *for defendants.*

INGERSOLL, Justice. The law of the state of New-York provides that all persons doing business in the state of New-York, as merchants, bankers, or otherwise, and not residents of the state, shall be assessed and taxed, on all sums invested in their business, the same as if they were residents of the state. Residents and non-residents, with respect to taxes on personal property invested in business in the state, are put on an equality.

The complainant was assessed and taxed upon his personal

Duer agt. Small.

property invested in his said business in the city of New-York, in the years 1855, 1856 and 1857. The amount of these taxes is about $1,400. He refuses to pay the same. He alleges in his bill that the law of the state of New-York, the substance of which is above set forth, is in violation of the constitution of the United States, and is otherwise illegal and void. He prays for an injunction restraining the defendant and others, who may claim authority to act, from issuing any warrant or other instrument, or from taking any steps for the collection of said taxes, or from levying upon any goods or chattels to satisfy the same.

Taxes are a portion that each individual gives of his property, in order to secure or have the perfect enjoyment of the remainder. Governments are established for the protection of persons and property within the limits of the state ; and taxes are levied to enable the government to afford or give such protection. They are the price and consideration paid for the protection afforded.

When the property of an individual receives the protection of the state by its laws, it is right that he should afford to the state, in the way of taxes, a recompense or consideration for such protection ; for otherwise that protection could not be extended to him. Without taxes, the state would be powerless to afford protection. And when the property of an individual receives the protection of the state, it is equally right that the property protected, no matter whether it be real or personal, should in such way yield a recompense or consideration.

The owner of property within the limits of a state, no matter whether the property be real or personal, and no matter where the owner has his domicil, has a right to call upon the government of the state to protect such property by its laws, and its officers acting under such laws. But such protection cannot be afforded unless means, by the way of taxes, are furnished to afford the protection. And taxes are no more to be levied upon the property of the resident to protect the property of the non-resident, than taxes are to be levied upon

Duer agt. Small.

the property of a non-resident to protect the property of the resident.

The property of a non-resident within the limits of a state, whether it be real or personal, is equally protected by the laws, with the property of the resident. There would appear, therefore, to be no good reason why it should not equally pay in taxes for such protection; no good reason why the non-resident, with the resident, should not give a portion in order to secure the perfect enjoyment of the remainder.

The laws of New-York, like the laws of all states in the Union, declare that all real estate within the state, by whomsoever owned, shall be taxed. The laws of the state, by virtue of which the taxes in the bill complained of were imposed, declare that all personal estate invested by a non-resident owner in business within the state (and who, by such investing, calls upon the state for protection to such property), shall be assessed and taxed the same as if it were so invested by residents; that all personal property invested in business within the state shall pay alike for the security and protection afforded it by the government, and means are provided by the laws to make it pay for such security and protection.

If a non-resident does not like to pay for such security and protection, he can withdraw his personal property from the state, and thus free himself from such payment. There is no law which compels him to put his property under the protection of the laws of a state of which he is not a citizen or resident. But while he asks and demands protection from the laws, there is no good reason why he should not pay for it; no good reason why he should demand that the property of the resident should pay for it; and there is no higher law of the United States which gives a non-resident a right to demand that the property of the resident citizen should pay for the protection afforded by the laws to the property of the non-resident. The equal "immunities and privileges" secured to the "citizens of each state," in the "several states," does not demand such a requirement as this. With respect to real estate, the non-resident cannot withdraw it from the state, even if he does not

like the law, but is compelled to let it remain within the limits of the state where it is taxed.

The superior law of the United States, which forbids the imposition of duties by a state upon property imported from a foreign country, does not forbid the state, after it has been imported and has become mixed with other property in the state, and thereby requires the protection of the laws of the state, from exercising the right to require that such property, by whomsoever it may be owned, should pay for the protection afforded it.

It is admitted by the complainant, that the real estate of a non-resident is liable to pay, in taxes, for the protection afforded it by the state; and the chief reason urged why personal estate is not subject to the same rule is, that the rule of law is, that personal estate follows the person of the owner, and that, therefore, it may be taxed in the state where the owner is domiciled. There is no allegation in the bill that the personal estate of the complainant, invested by him in business within this state, has been taxed in New-Jersey, the state of his domicil. But if it were so taxed, it would not follow that it could not be taxed in the state where it actually was, and where protection was actually afforded it. If a non-resident owner of real estate should be taxed in the state of his domicil, on an assessment of what he was worth, which should include the value of the real estate which he owns in another state; or, if he should be assessed upon his income, which included the rent of such real estate, that would be no good reason why the state in which the real estate was, and which actually affords the protection of its laws to it, and by which protection he would be able to receive rent, should not have the right to compel such real estate to contribute to the expense and cost of such protection actually afforded.

Bank stock is personal estate. According to the rule of law it follows, with all other personal property, the person of the owner. Such stock, whether owned by a resident or non-resident, is usually taxed in the state where the bank is located. It is believed that laws taxing such stock are not

Duer agt. Small.

obnoxious to the charge of being opposed to any constitutional law, either state or national. It would seem to be enough that the property of a non-resident, whether that property be real or personal, should be put upon an equality, in respect to taxation, with the property of a resident, without requiring that it should have greater privileges.

" The taxing power of a state is one of its attributes of sovereignty, and where there has been no compact with the federal government, or cession of jurisdiction for the purposes specified in the constitution, this power reaches all the property *and business* within the state." (*Nathan* agt. *Louisiana,* 8 *Howard,* 82.) In the case of *Catlin* agt. *Hull,* 21 *Vermont,* 152, it was held " that the personal property of a non-resident, in a state where he was not domiciled, might be taxed in such latter state."

The law of New-York prescribes that the tax on the personal estate of such non-resident may be collected from the property of the firms, persons or associations to which they severally belong. It is not necessary to consider this portion of the law which has been argued by the complainant. No one but the complainant complains of it. Admitting, for the purpose of argument, that James G. King, and the other individuals of the firm of which the complainant is a member, could justly complain of this particular mode prescribed for the collection of the tax against the complainant, if it should be attempted to be followed, on the ground that it is objectionable as being opposed to the fundamental law ; yet they make no complaint by this bill. They may never have any cause of complaint, they are not parties to this bill. The question is, has the complainant any just cause of complaint to this law, or to the manner in which the tax has been assessed against his personal property in this state by virtue of its provisions ? The question is, can he resist the payments? A portion of a law may be invalid while another portion of it is valid ; an invalid provision of a law will not affect another and distinct provision which is valid.

Without going into the question, therefore, whether James

G. King and the other members of the firm (excepting the complainant) would have any cause of complaint if the tax should be collected from their property, we hold that the allegations in the bill are not sufficient to justify the court in interfering in favor of the complainant by injunction.

The bill must, therefore, be dismissed.