74 U.S. 262 (____)
7 Wall. 262
RAILROAD COMPANY
v.
JACKSON.
Supreme Court of United States.

*265 Mr. Bernard Carter, for the railroad company, appellant.
Messrs. W.A. Fisher and G.H. Williams, contra.
*266 Mr. Justice NELSON delivered the opinion of the court.
It has been argued for the plaintiff, that the acts of the legislature of Pennsylvania, when properly interpreted, do not embrace the bonds or coupons in question; but it is not important to examine the subject; for, it is not to be denied, as the courts of the State have expounded these laws, that they authorize the deduction, and, if no other objection existed *267 against the tax, the defence would fail. If this was an open question we should have concurred with the interpretation of the court below, which concurred with the views of the plaintiff's counsel. Nor shall we inquire into the competency of the legislature of Pennsylvania to impose this tax, upon general principles, as we shall place the objection upon other and distinct grounds, though we must say, that the tax upon the promissory note or bond, given by the resident debtor, and the withholding of the amount from the interest due to the non-resident holder, would seem to be a tax upon such non-resident. It is not a tax of the money lent, because that belongs to the resident debtor, for which he is taxable; it is a tax on the security, the bond, which is in the hands of the non-resident holder.
The ground upon which we place the objection in this case, to the tax is, in brief, that the bonds, amounting to $2,500,000, of which those in question are a part, were issued by this company upon the credit of the line of road, its franchises and fixtures, extending from Baltimore to Sunbury, a given portion of which line lies within the jurisdiction of the State of Maryland. The old company, to which this line belonged, by the act of consolidation, transferred it, with its fixtures and all other interests connected therewith, including their stock, to the new organization which have issued these bonds. The security therefore pledged and bound for the payment of them and of the interest embraces this Maryland portion of the road; and in case of a failure to pay the principal or interest, this portion with its franchises and fixtures would be liable to sale in satisfaction of the bonds and interest.
Now, it is apparent, if the State of Pennsylvania is at liberty to tax these bonds, that, to the extent of this Maryland portion of the road, she is taxing property and interests beyond her jurisdiction. This portion avails her tax-roll as effectually as if it was situate within her own limits. The Maryland portion is not liable for the payment of any specified part, or quantity of these bonds thus taxed, but is liable, with all its interests, for the whole amount, the same as that *268 portion of the road within the State of Pennsylvania. The bonds were an issue, in the usual way, by this Northern Central Railway Company, and the security given by mortgage on the entire line of the road. No portion of the bonds belong to one part more than to another. No severance was made of the bonds, and, therefore, none can be made, in the taxation, with reference to the line within the respective jurisdictions of the States. If the tax is permitted as it respects one bond, it must be as it respects all.
Again, if Pennsylvania can tax these bonds, upon the same principle, Maryland can tax them. This is too apparent to require argument. The only difference in the two cases is, that the line of road is longer within the limits of the former than within the latter. Her tax would be a more marked one beyond the jurisdiction of the State, as the property and interest outside of its limits would be larger.
The consequence of this tax of three mills on the dollar, if permitted, would be double taxation of the bondholder. Each State could tax the entire issue of bonds, amounting, as we have seen, to $2,500,000.
The effect of this taxation upon the bondholder is readily seen. A tax of three mills per dollar of the principal, at an interest of six per centum, payable semi-annually, is ten per centum per annum of the interest. A tax, therefore, by each State, at this rate, amounts to an annual deduction from the coupons of twenty per centum; and if this consolidation of the line of road had extended into New York or Ohio, or into both, the deduction would have been thirty or forty. If Pennsylvania must tax bonds of this description, she must confine it to bonds issued exclusively by her own corporations.
Our conclusion on this branch of the case is, that to permit the deduction of the tax from the coupons in question, would be giving effect to the acts of the legislature of Pennsylvania upon property and interests lying beyond her jurisdiction.
The next question is, whether or not the coupons were *269 subject to a tax of five per centum per annum to the United States on the 1st of July, 1865, when they became due?
The act in force when the coupons in question fell due, was the act of June 30, 1864,[*] and is the one by which the tax of five per centum claimed on the bonds of the plaintiff must be determined. The court below held that the act did not include a non-resident alien, and directed a verdict and judgment for the whole amount of interest. The decision was placed mainly on the ground that, looking at the several provisions bearing upon the question, and giving to them a reasonable construction, it was believed not to be the intent of Congress to impose an income tax on non-resident aliens; that they were not only not included in the description of persons upon whom the tax was imposed, but were impliedly excluded by confining it to residents of the United States and citizens residing abroad, and that the deduction from the prescribed income of the interest on these railroad bonds, when paid by the companies, was regarded as simply a mode of collecting this part of the income tax. We concur in this view. It is not important, however, to pursue the argument, as Congress has since, in express terms, by the acts of March 10th, and July 13th, 1866, imposed a tax on alien non-resident bondholders. The question hereafter will be, not whether the laws embrace the alien non-resident holder, but whether it is competent for Congress to impose it; upon which we express no opinion.
JUDGMENT AFFIRMED.
Mr. Justice CLIFFORD (with whom concurred Mr. Justice SWAYNE), dissenting:
I dissent from the opinion and judgment of the court in this case, because I think the taxes in question, both State and Federal, were legally assessed, and that the officers of the railway company properly deducted the same from the amount of the coupons described in the declaration.
NOTES
[*] See supra, 263.