36  283
66  481

CHARLES JONES *vs.* THE TOWN OF BRIDGEPORT.

A New York corporation, having its principal office and business in that state, owned and occupied certain real estate in *B.* in this state which became taxable on the 1st day of October. On the 11th of September, the corporation having shortly before been adjudged a bankrupt in the state of New York, the bankrupt court assigned to an assignee all their property, including the real

estate in *B.* On the 27th of September, the assignee took possession of said real estate, but the assignment was not recorded in the land records of *B.* until the 19th of December. In November, no tax list having been handed in by the corporation or the assignee, the assessors, not knowing of the bankrupt assignment, filled out a list in the name of the corporation and put said real estate therein, and added ten per cent to the actual valuation of the same, such additional valuation being authorized by law in the case of resident taxpayers who failed to file their lists.—Held—1. That the tax list was lawfully made in the name of the corporation. 2. That the corporation could not be regarded as a resident tax-payer, and that therefore the ten per cent valuation was not lawfully added by the assessors.

AMICABLE SUBMISSION, to the Superior Court, upon the fol-. lowing agreed statement of facts:

The American Waterproof Cloth Company, a corporation organized and established under the laws of the state of New York, and located and having its principal office and manufactories in that state, where also its stockholders principally resided, also owned and occupied certain real estate in the town of Bridgeport, with factories and machinery thereon situated. Before the 11th day of September, 1867, the corporation had been adjudged a bankrupt by the District Court of the United States, within and for the Eastern District of New York, within which district the corporation was located, and the plaintiff, Jones, had been by the court appointed assignee in bankruptcy of the corporation, and on that day the court assigned to him by its proper conveyance; all the property and effects of the corporation, including the property situated in Bridgeport, and the plaintiff,.on the 27th of September, as such assignee, entered into possession of the property, and on the 19th day of December caused the assignment to be recorded in the land records of the town of Bridgeport.

In the month of October or November, 1867, the tax assessors of the town of Bridgeport, finding that no return or list of property liable to taxation on the 1st day of October, 1867, had been given in by the American Waterproof Cloth Company, filled out a list for the corporation by its corporate name, and put therein the above described property in Bridgeport, as the property of the corporation on the 1st day of October, liable to taxation, and assessed the same at the sum

of sixty thousand dollars, as the true value thereof on that day ; and the assessors thereupon placed that sum in the grand list of the town in the list of resident tax-payers, against the name of the corporation, and added the amount of ten per cent. thereon, (being $6600,) on account of the failure of the corporation or of the plaintiff as assignee to make out and give in a list of its taxable property as required by law in the case of resident tax-payers, and placed the sum of $66,000, made up as aforesaid, in the grand list as the taxable valuation of the property.

And the town of Bridgeport having afterward laid a tax of one per cent. on the grand list of the town for the year 1867, the tax of one per cent was computed and applied upon the whole increased amount of $66,000, so standing against the name of the corporation in the grand list, and the amount of the tax so computed and laid (to wit, the sum of $660,) was put in the rate bill of taxes as the amount of tax to be collected from the corporation, and given as such to the tax collector duly appointed, who was by his warrant directed to collect the same from the corporation.

The collector now threatens to levy upon the property in the hands of the assignee, and to collect the amount of the tax therefrom by making distress therefor, and the plaintiff, as assignee, denies the right of the town to collect the tax from the property or from the corporation, or from him as assignee of the corporation.

Upon these facts the case was reserved for the advice of this court.

*Treat* and *Bullock*, for the plaintiff.

*Seeley* and *Sumner*, for the defendants.

PARK, J. We think the tax assessors of the town of Bridgeport committed no error in assessing the property in question as the property of the American Waterproof Cloth Company. The records of the town disclosed no other owner of the property. Up to the eleventh day of September of the year

the assessment was made there was no other owner, and up to the twenty-seventh day of the same month the company was in the possession of the property. It is not claimed that the assessors had knowledge when the assessment was made, or at any time thereafter while they had jurisdiction of the case, that the property had gone into the hands of an assignee for the benefit of the creditors of the company. We think, upon these facts, the assessors had the right to rely upon the records of the town for information in regard to the ownership of the property. The property had not changed hands in the sense that it does where $A$ conveys to $B$ all his interest in certain property. An assignee under the United States bankrupt act holds the property in trust for the creditors of the bankrupt, and after their claims are satisfied, should anything remain, (as possibly there may,) it is held in trust for the former owner, who has therefore a contingent interest in the property. In consideration of these facts we think the property was properly placed in the tax lists of the town as the property of the corporation.

But we think the assessors erred in adding ten per cent to the valuation of the property. This was done on the ground that the corporation was supposed to be a resident tax-payer of the town, and as such, bound by law to make out and deliver to the assessors a list of its property, which had not been done.

The corporation was a foreign one. It was organized and established under the laws of the state of New York. Its principal office and factories were in that state and most of its stockholders resided there. The design of the law is to compel resident tax-payers to give in lists of their property. Non-residents are not required by law to do so. The corporation cannot be regarded as a resident of the town of Bridgeport and therefore was not subject to the addition of ten per cent to the valuation of its property.

The plaintiff claims that this illegal addition of ten per cent to the value of the property renders the whole assessment void. We think otherwise. This addition of ten per cent is distinguished by the law from the tax on the valuation of the

property, and is in the nature of an additional tax made to punish a resident tax-payer for neglecting to give in his list according to law. The corporation was not liable to this additional tax.

We therefore advise the Superior Court that the town of Bridgeport is entitled to recover the tax on the property valued at the sum of sixty thousand dollars.

In this opinion the other judges concurred.