# NEWPORT COUNTY.

---

CHARLES DYER, Collector of Taxes *vs.* JOSEPH OSBORNE.

O., a resident and tax-payer in Tiverton, R. I., owned certain shares of manufacturing corporations organized under the laws of Massachusetts, and located with their property in Fall River in that state, where all their property was invested. O. was taxed in Fall River for these shares, assessed under the laws of Massachusetts at their fair market value, and paid the tax. In the same year he was again taxed in Tiverton under the laws of Rhode Island for the same shares: —

*Held,* that under Gen. Stat. R. I. cap. 38, § 1, and cap. 39, § 10, this second tax was valid.

*Held,* further, that it did not conflict with art. 1, § 2, of the Constitution of Rhode Island, which declares that "the burdens of the state ought to be fairly distributed among its citizens."

*Held,* further, that the Massachusetts tax, even if valid, could not divest Rhode Island of its jurisdiction, and that the amount of tax levied "is, within reasonable limits at least, a legislative, not a judicial question."

CASE. On demurrer to plea.

*Newport, March* 21, 1876. DURFEE, C. J. This is an action on the case to recover a tax of $280.00 assessed on the defendant

in the town of Tiverton in the year 1874. The defendant pleads in bar of the action, that in compliance with a notice given by the assessors as prescribed by the statute, Gen. Stat. R. I. cap. 40, § 6, he rendered an account on oath as required by § 7 of that chapter, and his tax was duly assessed by the assessors upon the ratable property and estate in said account mentioned, and was by him promptly paid to the collector of taxes; and he further avers and pleads, "the taxes in the plaintiff's declaration mentioned were assessed upon other property of the defendant, to wit: upon forty shares of the capital stock or corporate property of certain manufacturing corporations, organized under the laws of the Commonwealth of Massachusetts, and located with their said property in the city of Fall River, in the said commonwealth, which said shares were of the par value of $40,000; all of which said capital stock of said corporations was then invested in lands, factory buildings, tenement houses, permanent and movable machinery and stock in process, all located and established in Fall River aforesaid, and said shares in the said corporate property were all taxed to this defendant in said Fall River at their fair market value, and which said tax in said Fall River he duly paid; and this defendant avers that the tax in the said plaintiff's declaration mentioned was assessed on the said shares in the said corporate property, and not upon other and different property or estate of the defendant, and that the said property was not ratable in the said town of Tiverton, and that the said tax mentioned in the plaintiff's declaration and assessed thereon, was and is illegal and void," &c. To this plea the plaintiff demurs.

The declaration describes the defendant as "of Tiverton," and for anything that appears in the plea, he was a citizen or inhabitant of the state, having his domicil in that town. The question, therefore, which is presented by the pleading is, whether a citizen or inhabitant of the state is liable to pay a tax assessed against him in the town of his domicil upon shares of stock which he owns in a manufacturing corporation of another state, he having been taxed and paid the tax on the same shares in such other state.

The question arises under chapters 38 and 39 of the General Statutes. The first section of chapter 38 declares that "all real

property in the state, and all personal property belonging to the inhabitants thereof, shall be liable to taxation, unless otherwise specially provided." Section 10 of chapter 39 declares that " personal property, for the purposes of taxation, shall be deemed to include all goods, chattels, debts due from solvent persons, moneys, and effects, wherever they may be ; all ships or vessels at home or abroad ; all public stocks and securities, except those issued by the government of the United States ; all stocks or shares in any bank or banking association ; in any turnpike, bridge, or other corporation within or without the state, except such as are exempted from taxation by the laws of the state."

The language is plain. It clearly makes the shares of any corporation, whether manufacturing or other, whether without or within the state, liable to taxation, if the owner is an inhabitant of the state, unless such shares are exempted from taxation by the laws of the state. At the time the tax now sued for was assessed, shares in the stock of a manufacturing corporation of another state were not exempted from taxation by the laws of this state. Upon what ground, then, can we hold that the assessment of the tax was illegal and void ?

The defendant says the practice of assessors in regard to the taxation of such shares has varied, and that in a majority of the towns such shares have not been taxed to their owners living in this state. A practice under a statute, which has been uniform and long continued, is entitled to weight in construing a statute, if the construction is open to serious doubt. The practice here invoked has not been uniform, and we do not think there can be any serious doubt of the true construction of the statute.

The defendant contends that the assessment, even if within the statute, was illegal and void. He does not point to any specific provision of the Constitution of either the state or the United States which is infringed by the assessment, or by the statute which authorized it ; but he plants himself upon the broad ground that the assessment of such a tax is not the exercise of a legitimate power of the state. He has cited numerous cases which he contends support this position. The cases specially referred to are *Green* v. *Van Buskirk*, 7 Wall. 139 ; *Railroad Co.* v. *Jackson*, 7 Wall. 262 ; *State Tax on Foreign-held Bonds*, 15 Wall. 300 ; *Jones* v. *Town of Bridgeport*, 36 Conn. 283 ; *Hoyt* v.

*The Commissioners of Taxes,* 23 N. Y. 224; *Duer* v. *Small,* 17 How. Pr. 201; *People ex rel. Trowbridge* v. *Com. of Taxes,* 11 N. Y. Supreme Ct. 595.

In *Green* v. *Van Buskirk,* 7 Wall. 139, a resident of New York mortgaged personal property in Illinois to secure an existing debt. In New York, no record or delivery of the property was required to give the mortgage effect; but in Illinois the mortgage without record and delivery was ineffectual as to third persons. The property was attached in Illinois after the mortgage was made and before it could be recorded. The Supreme Court of the United States held that the property, though personal, being situated in Illinois, was subject to the law of Illinois, in respect to attachment.

In *Railroad Co.* v. *Jackson,* 7 Wall. 262, the point decided was that interest on bonds issued by a corporation created by two states, and binding the road in both states, could not be specifically taxed in one of the states. In this case the bondholder was a non-resident.

In *State Tax on Foreign-held Bonds,* 15 Wall. 300, it was decided that bonds issued by a railroad company of Pennsylvania and Ohio, and held by a non-resident, were not taxable in Pennsylvania, upon the ground that, being held by a non-resident, they were only property in his hands, and thus were beyond the jurisdiction of the taxing power of the state, and that the law authorizing their taxation impaired the obligation of the contract between the corporation and the bondholder.

In *Jones* v. *Town of Bridgeport,* 36 Conn. 283, real estate in Connecticut, belonging to a corporation in New York, was taxed to the corporation, after an assignment in bankruptcy, the assessors being ignorant of the assignment, which had not been recorded in Connecticut, and the tax was sustained.

In *Hoyt* v. *The Commissioners of Taxes,* 23 N. Y. 224, under a statute providing that " all lands and all personal estate *within this state,* whether owned by individuals or corporations, shall be liable to taxation," &c., it was decided that a resident of New York was not liable to taxation in that state for his capital employed in business in New Orleans, or for his farm stock and household furniture in New Jersey.

In *Duer* v. *Small,* 17 How. Pr. 201, it was held that a statute

was not unconstitutional which provided that a non-resident doing business in New York was taxable the same as a resident upon his personal estate invested in the business.

The doctrine of these cases appears to be that personal property which is visible and tangible, and which therefore can have a *situs* independent of its owner, may for certain purposes, and especially for taxation, be localized, so to speak, and subjected directly to the law of the state where it is situated; but that if it be a mere debt or pecuniary obligation, it is incapable of having a *situs* apart from its owner, and therefore can only be taxed to its owner in the state where he resides. We do not find anything in either of the cases which is to the effect that the shareholders of a corporation can only be taxed in the state where the corporation is situated.

The case of *Trowbridge* v. *Com. of Taxes*, 11 N. Y. Supreme Ct. 595, is more nearly in point. It was held in that case that the shares of a foreign corporation, owned in New York, were not property within that state, under the tax law of that state, but simply representatives of capital or property invested in the business of the corporation in the state where it was situated. The case seems to hold that the property of the shareholders is not distinguishable from the property of the corporation, and therefore cannot have a separate *situs* or locality. This may be so within the meaning of the tax law of New York, but ordinarily the property of shareholders is distinguishable from that of the corporation; for whereas the shares are and must be personal estate of the nature of choses in action, the property of the corporation may be real estate or visible and tangible chattels or effects. Angell & Ames on Corp. (7th ed.) §§ 560, 561, and cases cited; *Arnold* v. *Ruggles*, 1 R. I. 167–9.

There are cases which expressly hold that an owner of shares in the stock of a foreign corporation is liable to taxation for such shares in the state where he resides. In *Great Barrington* v. *County Commissioners of Berkshire*, 16 Pick. 572, under a statute subjecting to taxation "shares or property in any incorporated company for a bridge or a turnpike road," it was held that a citizen of Massachusetts was liable to be taxed in that state for his stock in a New York turnpike corporation, notwithstanding the fact that under the law of New York the corporation held

the soil of the road in fee. " No exception," said the court, " is
made of companies in other states, and the court perceive no
reason for raising any by implication."

In *McKeen* v. *The County of Northampton*, 49 Pa. St. 519, a
person residing in Pennsylvania and owning 472 shares of stock
in a manufacturing corporation of New Jersey, the capital of
which was invested in a foundry, machine-shop, and other real
estate in New Jersey, and taxed under the laws of that state, was
held liable to taxation for his shares in Pennsylvania for state
and county purposes. The court say: " The defendant below,
being a citizen of this state, it is clear he is subject personally to
its power to tax, and that all his property accompanying his per-
son, or falling legitimately within the territorial jurisdiction of
the state, is equally within its authority. The interest which an
owner of shares has in the stock of a corporation is personal:
whithersoever he goes it accompanies him, and when he dies his
domicil governs its succession." The court also adverts to the
fact that the tax is not assessed upon the shares specifically, but
upon the person of their owner, the shares being merely a meas-
ure of taxation, and is enforced by warrant against the owner
personally or against any property he has whether taxed or not.
See also *Whitesell* v. *The County of Northampton*, 49 Pa. St. 526.

It has been held that shares in the stock of a corporation are
taxable as such to their owner, though the corporation is itself
exempt from taxation by charter; *Union Bank* v. *The State*, 9
Yerg. 490 ; or though the capital of the corporation is invested
wholly or in part in United States bonds, which cannot them-
selves be taxed. *National Bank* v. *Commonwealth*, 9 Wall. 353 ;
*St. Louis Building & Savings Association* v. *Lightner*, 47 Mo.
393. In *Union Bank* v. *The State*, 9 Yerg. 490, the doctrine of
the court was that such a tax must be, from its very nature, a tax
*in personam* and not *in rem*. " Bank stock," say the court, " is
not a thing in itself capable of being taxed on account of its
locality, and any tax imposed upon it must be in the nature of a
tax upon income, and of necessity confined to the person of the
owner, and if he be a non-resident, he is beyond the jurisdiction
of the state and not subject to her laws."

These cases are to the effect, that shares in the stock of a cor-
poration are in the nature of choses in action, incorporeal, and

have no *situs* independently of their owner; and that, consequently, the state has jurisdiction over them to tax them by having jurisdiction over their owner, the tax being in fact a tax upon the owner on account of his ownership, rather than upon the shares themselves. In the light of these cases, we think the defendant's claim, that the tax sued for could not be legally assessed for want of jurisdiction, cannot be sustained.

The plea avers that the defendant has already paid a tax assessed upon the shares in Massachusetts. It is doubtless a hardship for him to pay taxes on the same property in two states. But the Massachusetts tax, even if valid, could not divest this state of its jurisdiction. The laws of Rhode Island are paramount in Rhode Island, and all the inhabitants of the state are subject to them without regard to the laws of any other state. If there be any ground upon which the defendant is entitled to exoneration because of the Massachusetts tax, it is that clause of our Constitution, which declares that "the burdens of the state ought to be fairly distributed among its citizens," and upon the claim that it is *unfair* to tax him in Rhode Island for property on which he has paid a tax in Massachusetts. We do not think, however, that the tax ought to be declared void under that clause of the Constitution. It would certainly be going too far to hold that a man of wealth, living in Rhode Island, cannot be taxed at all in Rhode Island, if his property is all invested in the stocks of a manufacturing corporation of another state, and there subject to taxation. And if such a man can be taxed at all in Rhode Island, the question of how much, is, within reasonable limits at least, a legislative, not a judicial question.

The defendant's plea will be overruled, and judgment entered for the plaintiff for the amount of the tax with interest.

*Demurrer sustained.*

*Francis B. Peckham, Jr.*, for plaintiff.
*William P. Sheffield*, for defendant.