E. F. MOSELY *v.* STATE.

(*Jackson.*   April Term, 1905.)

**TAXATION.**   Interest on United States bonds cannot be taxed as such by the State.

The income derived as interest on United States bonds cannot be taxed as such by the State government, and a statute providing for such taxation is void and nonenforceable. The interest does not become taxable immediately upon being paid into the hands of the bondholder, and he is not bound to return, for taxation, the money so received immediately upon receipt thereof, or upon the mere appearance of the fact that he has received such sums from the government.

Acts cited and construed:   1903, ch. 258, secs. 8 and 16.

Cases cited and approved:   McCulloch v. Maryland, 4 Wheat., 316; Weston v. Charleston, 2 Pet., 449; Dobbins v. Erie Co., 16 Pet., 435; Almy v. California, 24 How., 169; Railroad v. Jackson, 7 Wall., 262; Buffinton v. Day, 11 Wall., 115; United States v. Railroad, 17 Wall., 322, 332; Cook v. Pennsylvania, 97 U. S., 566; Van Brocklin v. Anderson, 117 U. S. 151, 178; Bank v. New York, 121 U. S., 138, 162; Steamship Co. v. Pennsylvania, 122 U. S., 326; Leloup v. Mobile, 127 U. S., 640; Pollock v. Loan & Trust Co., 157 U. S., 429, 581, 582, 584-586, 591, 592.

FROM WEAKLEY.

Appeal from the Circuit Court of Weakley County.— R. E. MAIDEN, Judge.

JONES & JONES, for Mosely.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE NEIL delivered the opinion of the Court.

The plaintiff in error was indicted and convicted in the circuit court of Weakley county, and fined $10, for failing to answer a question propounded to him in the tax schedule left with him by the assessor for the year 1904. From this judgment he has appealed to this court, and assigned errors.

The question referred to appears in the schedule as follows:

"Class 5. The amount of income derived from U. S. bonds and all other stocks and bonds not taxed ad valorem?"

This question was embraced in the schedule under the authority of section 16 of chapter 258, p. 644, of the Acts of 1903. That section provides that the comptroller of the treasury of the State shall prepare assessment schedules, and furnish the same to the various county court clerks of the State, and the latter shall furnish these schedules to the assessor. It is directed that the schedule shall be so prepared as to conform to the different classification of assessments provided for in the act; that, among other things, this schedule shall contain a question based upon the classification of personalty, as set out in section 8 of the act.

Section 8 reads as follows:

"That all personal property of every kind shall be assessed under the following classification:

"Class 1. Household and kitchen furniture, tableware, libraries, jewelry, sewing machines, musical instruments, and all other personal property of a similar character.

"Class 2. Farming implements, machinery, wheeled vehicles, tools of all kinds, and all other personal property of a like character.

"Class 3. All kinds of live stock, including dogs.

"Class 4. Steamboats, ferryboats, and other kinds of water craft.

"Class 5. The amount of income derived from United States bonds, and all other stocks and bonds not taxed ad valorem.

"Class 6. All bonds, except United States bonds, and all shares of stock, except when the corporate property or capital stock is assessed in lieu of the shares of stock as hereinafter provided in sections 22 and 23 of this act.

"Class 7. Notes, duebills, choses in action, accounts, mortgages, or any other evidences of indebtedness and money on hand or on deposit, or invested in any manner in this State or elsewhere, not otherwise assessed.

"Class 8. All other personal property not hereinbefore designated."

The question above copied from the schedule is based on class 5, appearing in the foregoing section of the statute.

Mosely v. State.

On the trial of this case in the court below it was agreed as follows:

"Defendant has several thousand dollars of United States bonds, on which he receives income on the 1st day of January, April, July, and October of each year, which is paid him on each of said bonds on said dates, and, further, that said bonds are composed of three different classes of United States bonds, each of which provides on its face that neither the principal nor the interest thereon shall be taxable by any State, county, or municipality."

It is obvious from a reading of the section of the statute above quoted that the purpose of introducing the question above referred to into the schedule was to tax the interest received upon United States bonds, as distinct from the bonds themselves, and that there was no purpose to use the question merely as a means of ascertaining, by a process of elimination, as insisted by counsel for the State, the amount of cash which the taxpayer might have on hand. This latter item—the amount of cash on hand—is provided for under class 7.

So it appears that, when the plaintiff in error refused to answer the question as to the amount of income derived by him from United States bonds, he was resisting the power of the State to tax that income. No other question is made in this case.

Did the plaintiff in error act within his rights in so refusing? We are of opinion that he did. Really, the face of the bonds themselves, issued by authority of the

federal government, settle the question, based as they were upon the federal statutes. In addition, it has been held ever since the case of *Weston et al.* v. *City of Charleston,* 2 Pet., 449, 7 L. Ed., 481, decided in 1829, that the States have no power to tax the governmental agencies of the federal government. Said the court in that case, speaking through Chief Justice Marshall: "A contract made by the government, in the exercise of its power to borrow money on the credit of the United States, is undoubtedly independent of the will of any State in which the individual who lends may reside, and is undoubtedly an operation essential to the important objects for which the government was created. It ought, therefore, on the principles settled in the case of *McCulloch* v. *State of Maryland* [4 Wheat., 316, 4 L. Ed., 579], to be exempt from state taxation, and consequently from being taxed by corporations deriving their powers from States."

Again it is said in the same opinion:

"The right to tax a contract to any extent, when made, must operate upon the power to borrow before it is exercised, and have a sensible influence upon the contract. The extent of this influence depends on the will of a distinct government. To any extent, however insensible, it is a burden on the operations of the government. It may be carried to an extent which shall arrest them entirely."

Referring to the foregoing authority, Chief Justice Fuller, in the case of *Pollock* v. *Farmers' Loan & Trust*

*Co.*, mentions the fact that the ordinance in the city of Charleston involved in that case was exceedingly obscure but that the opinions of Mr. Justice Thompson and Mr. Justice Johnson, who dissented, made it clear that the levy was upon the interest of the bonds, and not upon the bonds; and, in the case last referred to, Chief Justice Fuller treated *Weston* v. *Charleston* as an authority holding that a tax on the income of United States securities was a tax on the securities themselves, and equally inadmissible. 157 U. S., 429, 581, 15 Sup. Ct., 673, 39 L. Ed., 819.

Continuing the discussion, it is further said in that case:

"So, in *Dobbins* v. *Erie Co. Commissioners,* 16 Pet., 435, 10 L. Ed., 1022, it was decided that the income from an official position could not be taxed, if the office itself was exempt.

"In *Almy* v. *Cal.,* 24 How., 169, 16 L. Ed., 644, it was held that a duty on a bill of lading was the same thing as a duty on the articles which it represented (*Northern Cen. R. Co.* v. *Jackson,* 7 Wall., 262, 19 L. Ed., 88); that a tax upon the interest payable on bonds was a tax, not upon the debtor, but upon the security; and in *Cook* v. *Penn.,* 97 U. S., 566, 24 L. Ed., 1015, that a tax upon the amount of sales of goods made by an auctioneer was a tax upon the goods sold.

"In *Philadelphia & S. M. S. S. Co.* v. *Penn.,* 122 U. S., 326, 7 Sup. Ct., 1118, 30 L. Ed., 1200, 1 Interst. Com. R., 308, and *Leloup* v. *Mobile,* 127 U. S., 640, 8 Sup. Ct.,

Mosely v. State.

1380, 32 L. Ed., 311, 2 Interst. Com. R., 134, it was held that a tax on income received from interstate commerce was a tax upon the commerce itself, and therefore unauthorized." 157 U. S., 429, 581, 582, 15 Sup. Ct., 673, 39 L. Ed., 759, 819. These authorities were also referred to to the same effect in the opinion of Mr. Justice Field, pages 591-592 of 157 U. S., page 693 of 15 Sup. Ct. (39 L. Ed. 823). The principle is also recognized in the opinion of the other two judges who delivered the opinions in the case—Mr. Justice White and Mr. Justice Harlan.

The principle is further illustrated by the disposition made in the case referred to of a cognate question; that is, whether the federal government has the right in any form to tax the income on bonds issued by a State, or the municipality of a State.

The question is stated and discussed in the opinion of Chief Justice Fuller as follows: "Another question is directly presented by the record, as to the validity of the tax levied by the act upon the income derived from municipal bonds. The averment in the bill is that the defendant company owns two millions of municipal bonds in the city of New York, from which it derives an annual income of $60,000, and that the directors of the company intend to return and pay the taxes on the income so derived.

"The constitution contemplates the independent exercise by the nation and the States, severally, of their constitutional powers.

"As the States cannot tax the powers, the operations, or the property of the United States, nor the means which they employ to carry their powers into execution, so it has been held that the United States have no power, under the constitution, to tax either the instrumentalities or the property of a State.

"A municipal corporation is the representative of the State, and one of the instrumentalities of the State government. It was long ago determined that the property and revenues of municipal corporations are not subjects of federal taxation. *Buffington* v. *Day,* 11 Wall., 115, 20 L. Ed., 122; *United States* v. *Baltimore & Ohio R. Co.,* 17 Wall., 322, 332, 21 L. Ed., 597, 601. In *Buffington* v. *Day,* supra, it was adjudged that congress had no power, even by an act taxing all incomes, to levy a tax upon the salaries of judicial officers of a State, for reasons similar to those on which it had been held in *Dobbins* v. *Erie County Com'rs,* 16 Pet., 435, 10 L. Ed., 1022, that a State could not tax the salaries of officers of the United States. Mr. Justice Nelson, in delivering judgment, said: 'The general government and the States, although both exist within the same territorial limits, are separate and distinct sovereignties, acting separately and independently of each other, within their respective spheres. The former, in its appropriate sphere, is supreme; but the States, within the limits of their powers not granted, or, in the language of the tenth amendment, 'reserved,' are as independent of the general government as that government, within

its sphere, is independent of the States.

"This is quoted in *Van Brocklin* v. *Anderson*, 117 U. S., 151, 178, 6 Sup. Ct., 670, 29 L. Ed., 845, 854, and the opinion continues: 'Applying the same principles, this court in *United States* v. *Baltimore & O. R. Co.*, 17 Wall., 322, 21 L. Ed., 597, held that a municipal corporation within a State could not be taxed by the United States on the dividends or interest of stock or bonds held by it in a railroad or canal company, because the municipal corporation was a representative of the State, created by the State to exercise a limited portion of its powers of government, and therefore its revenues, like those of the State itself, were not taxable by the United States. The revenues thus adjudged to be exempt from federal taxation were not themselves appropriated to any specific public use, nor derived from property held by the State or by the municipal corporation for any specific public use, but were part of the general income of that corporation, held for the public use in no other sense than all property and income belonging to it in its municipal character must be so held. The reasons for exempting all the property and income of a State, or of a municipal corporation, which is a political division of the State, from federal taxation, equally require the exemption of all the property and income of the national government from state taxation.'

"In *Mercantile Nat. Bank of New York* v. *New York*, 121 U. S., 138, 162, 7 Sup. Ct., 826, 839, 30 L. Ed., 895,

904, this court said: 'Bonds issued by the State of New York, or under its authority by its public municipal bodies, are means for carrying on the work of the government, and are not taxable even by the United States; and it is not a part of the policy of the government which issues them to subject them to taxation for its own purposes.' . . .

"The law under consideration provides 'that nothing herein contained shall apply to States, counties or municipalities.' It is contended that, although the property or revenues of the States or their instrumentalities cannot be taxed, nevertheless the income derived from State, county, and municipal securities can be taxed. But we think the same want of power to tax the property or revenues from the States or their instrumentalities exists in relation to a tax or the income from their securities, and for the same reason, and that reason is given by Chief Justice Marshall in *Weston* v. *Charleston.*"

After quoting from the latter opinion the last excerpt which we have taken from that opinion, Chief Justice Fuller proceeds: "Applying this language to these municipal securities, it is obvious that taxation on the interest therefrom would operate on the power to borrow. before it is exercised and would have a sensible influence on the contract, and that the tax in question is a tax on the power of the States and their instrumentalities to borrow money, and consequently repugnant

to the constitution." 157 U. S., 584-586, 15 Sup. Ct., 673, 39 L. Ed., 820, 821.

The soundness of the foregoing views was recognized by all of the judges delivering opinions in the case referred to.

The proposition then seems to be well established in federal decisions that, if the security is exempt, the interest on the security is likewise exempt.

It is insisted by counsel for the State in the present case that, when the interest is paid, it falls into the general mass of the property of the State, and is then subject to taxation by the State.

Under what circumstances it may be justly said that the interest received from nontaxable securities has fallen into the general mass of the property of the State, we need not consider, inasmuch as the authorities above referred to—and they are controlling—hold that the interest does not become taxable immediately upon being paid into the hands of the holder of the security.

In the case of *Pollock* v. *Farmers' Loan & Trust Company*, supra, one purpose of the bill brought by a stockholder of the defendant corporation in that case was to prevent the latter from returning for taxation $60,000 which it had derived as interest on bonds of the city of New York. Under this authority, and others quoted therein, we are of opinion that the holder of United States bonds may collect the interest due on such bonds, and that he is not bound to return the money so received immediately upon receipt of the same, or upon

Mosely v. State.

the mere appearance of the fact that he has received such sums from the government. What the result would be if these funds should be placed on deposit in a bank, or should be kept for a length of time, or should be used in the purchase of property, or otherwise employed for productive purposes, we need not consider, as the facts do not raise these points.

For the reasons stated, we are of opinion that his honor erred in assessing a fine against the plaintiff in error, and his judgment must be reversed, and the prosecution dismissed.