WHITE BROTHERS LUMBER CO. *v.* CORPORATION TAX
APPEAL BOARD.

1. TAXATION—CORPORATE STOCK PERSONAL PROPERTY.

   The capital stock of a corporation is personal property,
   and its situs for the purpose of taxation, when not other-
   wise provided by statute, is that of the domicile of the
   owner.

2. SAME—CORPORATIONS—PRIVILEGE FEE—STOCK IN FOREIGN SUB-
   SIDIARY CORPORATION SUBJECT TO TAX.

   Capital stock in a subsidiary corporation owned by a
   domestic corporation is personal property of the corpora-
   tion, held either as capital or surplus, and as such is
   subject to the annual franchise fee of three and one-half
   mills under Act No. 85, Pub. Acts 1921 (Comp. Laws
   Supp. 1922, § 11361 [4, 7]), and it is immaterial that the
   physical property of said subsidiary corporation is located
   in a foreign State.

Certiorari to Corporation Tax Appeal Board. Sub-
mitted January 9, 1923. (Docket No. 57.) Decided
March 22, 1923.

White Brothers Lumber Company appealed to the
corporation tax appeal board from a determination by
the secretary of State of the amount of the privilege
fee due the State under the provisions of Act No. 85,
Pub. Acts 1921. From an order of said board, plain-
tiff brings certiorari. Affirmed.

*J. M. Harris,* for appellant.

*Merlin Wiley,* Attorney General, *Samuel D. Pepper,*
*Clare Retan,* and *Leonard Coyne,* Assistants Attorney
General, for appellee.

WIEST, C. J. This is certiorari to the corporation

On the situs, for taxing purposes, of tangible personal property
of domestic corporations in the United States, see notes in 60
L. R. A. 321 and 69 L. R. A. 431.

tax appeal board.    Plaintiff is a Michigan corporation, with $1,822,908.75 of its capital paid up and a surplus of $3,468,616.75.    Included in the surplus is $1,100,000, the value of shares of stock owned by plaintiff in the Beaver Cove Lumber & Pulp Company, of British Columbia, a corporation subsidiary to plaintiff.    Plaintiff also owns water power rights, timber and timber licenses in British Columbia.    The entire capital of plaintiff company was originally invested in timber land, mill site and water power in British Columbia.

In 1918, some of the stockholders of plaintiff company organized a subsidiary company under the laws of British Columbia, called the Beaver Cove Lumber & Pulp Company, for the purpose of manufacturing portions of the timber owned by plaintiff.    This subsidiary company issued to plaintiff, in payment for a mill site and timber in British Columbia, $1,100,000, par value, of its capital stock.    This stock is in the treasury of plaintiff company in this State.

The question presented is, whether the plaintiff is liable for the annual privilege tax of three and one-half mills upon the $1,100,000 of stock so held by it, or only for the minimum fee of $50.

Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [4, 7]), provides:

"SECTION 4.    Every corporation organized or doing business under the laws of this State, excepting those hereinafter expressly exempted therefrom, shall, at the time of filing its annual report with the secretary of State of this State, as required by section seven hereof, for the privilege of exercising its franchise and of transacting its business within this State, pay to the Secretary of State, an annual fee of three and one-half mills upon each dollar of its paid-up capital and surplus, but such privilege fee shall in no case be less than fifty dollars nor more than ten thousand dollars.    *    *    *

"SEC. 5.    *    *    *    The term 'surplus,' as used in this act, shall be taken and deemed to mean the net

value of the corporation's property, less its outstanding indebtedness and paid-up capital. * * * None of the property or capital, of any corporation subject to paying the privilege fee prescribed in section four which is located without the State of Michigan, and none of the capital or surplus of such corporation represented by property exclusively used in interstate commerce, shall in any case enter into the computation of the net amount of the authorized capital, or the capital and surplus, as the case may be, upon which the computation of the privilege fees shall be made." * * *

Plaintiff contends that the stock of the British Columbia company is capital and property located without the State of Michigan and it is the purpose of the act to subject to the privilege fee only that portion of the capital and surplus of a Michigan corporation *owned and used in Michigan.*

In behalf of the defendant it is contended that the situs of the shares of stock is in the State of Michigan and such situs controls the question here presented.

Plaintiff holds the stock for the gains and profits the same will bring home to it. Such stock is personal property and its situs for the purpose of taxation, when not otherwise provided by statute, is that of the domicile of the owner. *Bradley* v. *Bauder,* 36 Ohio St. 28, 35 (38 Am. Rep. 547). It is clear that shares of stock in a foreign corporation owned by a resident of Michigan constitute personal property within the State subject to taxation. *Bacon* v. *Board of State Tax Com'rs,* 126 Mich. 22 (60 L. R. A. 321, 86 Am. St. Rep. 524). If the certificates of stock, now in the treasury of plaintiff, had been apportioned among the stockholders of plaintiff company within the State, such certificates would constitute personal property in the hands of the holders and be subject to taxation. In the hands of plaintiff company they are no less personal property, and rest there as capital

or surplus within the State and are held for the revenue they will bring to plaintiff for distribution in the conduct of its business under the law of this State.

The British Columbia company was organized for the benefit of plaintiff company, and the certificates of stock in the foreign corporation, in the treasury of plaintiff, are as much capital of plaintiff as was the timber and mill site exchanged therefor; but, unlike the timber and mill site, the stock is within the State and is personal property employed by plaintiff within the purposes of its organization. Such stock is not property or capital located without the State. In plaintiff's hands the certificates constitute not only choses in action but personal property; they may constitute the subject of contracts for sale or exchange under our laws; they may be converted like any other personal property; they may be hypothecated, pledged or replevied, and they are protected against larceny and embezzlement. See *Bellows Falls Power Co.* v. *Commonwealth*, 222 Mass. 51 (109 N. E. 891, Ann. Cas. 1916C, 834). So, protected by the laws of this State, the certificates, as personal property unquestionably have, in law and fact, their situs within the State. This privilege fee reaches just such a holding as here disclosed. Plaintiff company holds this stock within the State, as surplus capital employed in connection with its business as a Michigan corporation, and stock so held falls squarely within the law requiring the privilege fee. With reference to this holding of stock in the British Columbia company plaintiff is exercising its franchise and transacting its business within this State. This stock, under the terms of the statute, is surplus so long as it remains in plaintiff's treasury. It also partakes of the nature of capital, as it is personal property devoted to the business purposes of defendant. It must be held that the situs of the

stock is within the State of Michigan, and that the same is owned and used in Michigan.

The determination of the corporation tax appeal board is affirmed, with costs to defendant.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.