*In re* PANTLIND HOTEL CO.

1. CORPORATIONS—FRANCHISE OF A FOREIGN CORPORATION HAS NO EXTRATERRITORIAL FORCE.

   A franchise granted a hotel company in a foreign State to be a corporation has no extraterritorial force, but such franchise may be given recognition in this State and the corporation be permitted to do business here upon such terms and conditions as the legislature may determine.[1]

2. SAME—LEGAL SITUS OF STOCK IS SAME AS OWNER'S.

   A "legal" or "business" situs of stock in a corporation may not be found apart from that of the domicile of the owner.[2]

3. SAME—PRIVILEGE TAX—STOCK OWNED BY FOREIGN CORPORATION NOT INCLUDED IN COMPUTING PRIVILEGE TAX.

   Under sections 4 and 5 of Act No. 85, Pub. Acts 1921, expressly exempting all property or capital located without the State from entering into the computation of the privilege tax of a corporation, the stock of a domestic corporation owned by a foreign corporation doing business in Michigan may not be included in computing the tax to be paid by said foreign corporation for the privilege of doing business in this State.[3]

Certiorari to Corporation Tax Appeal Board. Submitted June 9, 1925. (Docket No. 68.) Decided October 1, 1925.

The Pantlind Hotel Company appealed to the corporation tax appeal board from a determination by the secretary of State of the amount of the privilege fee due the State under the provisions of Act No. 85, Pub. Acts 1921. From an order sustaining the determination, plaintiff brings certiorari. Reversed.

[1]Corporations, 14a C. J. § 3927, 3948; [2]Id., 14 C. J. § 515; [3]Taxation, 37 Cyc. p. 860.

*Butterfield, Keeney & Amberg,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Clare Retan,* Deputy Attorney General, and *Donald W. Sessions,* Assistant Attorney General, for appellee.

*Butzel, Levin & Winston, Mark Norris,* and *W. F. Guthrie, amici curiæ.*

WIEST, J.     This is certiorari to the corporation tax appeal board, and involves the validity of a privilege or excise tax exacted by the secretary of State from the Pantlind Hotel Company, a Delaware corporation, carrying on its business activities in this State.     The Pantlind Building Company, a Michigan corporation, owns the Pantlind hotel building in the city of Grand Rapids.     The Pantlind Hotel Company owns all the capital stock of the Pantlind Building Company and operates the Hotel Pantlind.     The hotel company, a foreign corporation, conducts its entire business in Michigan, and all its officers and directors reside here.     The hotel company claims the situs of the stock of the building company, owned by it, is in Delaware, and excluded by law from consideration in computing the tax.     The secretary of State included such stock in computing the privilege tax, and his action was affirmed by the tax appeal board.

Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [1-14]), prescribes taxes and charges to be paid the State by corporations doing business in this State, fixes a computative method and requires annual corporation reports.     The hotel company has been duly admitted to business in this State and the tax in question is the annual fee of three and one-half mills upon each dollar of its paid-up capital and surplus, owned and used in this State, for the privilege of exercising its franchise and of transacting its business within this State.     Sections 4 and 5 of the act give rise to this controversy and are as follows:

"Every corporation organized or doing business under the laws of this State, excepting those hereinafter expressly exempted therefrom, shall, at the time of filing its annual report with the secretary of State of this State, as required by section seven hereof, for the privilege of exercising its franchise and of transacting its business within this State, pay to the secretary of State, an annual fee of three and one-half mills upon each dollar of its paid-up capital and surplus, but such privilege fee shall in no case be less than fifty dollars nor more than ten thousand dollars.

"In the case of computing the privilege fees prescribed in sections three and four of this act as to foreign corporations, such computation shall be made upon the proportion of the corporation's property owned and used in Michigan in the ratio that such property bears to the entire property of the corporation, and such ratio shall be applied by the secretary of State to determine the amount of the authorized capital stock of such corporation owned and used in Michigan, and to determine what portion of the corporation's paid-up capital and surplus, severally, are owned and used in Michigan.   The term 'surplus' as used in this act, shall be taken and deemed to mean the net value of the corporation's property, less its outstanding indebtedness and paid-up capital; but in no case, either as to domestic or as to foreign corporations, shall any deduction be made from the item of paid-up capital, in computing the privilege fee thereon, by reason of any impairment of the same.   None of the property or capital, of any corporation subject to paying the privilege fee prescribed in section four which is located without the State of Michigan, and none of the capital or surplus of such corporation represented by property exclusively used in interstate commerce, shall in any case enter into the computation of the net amount of the authorized capital, or the capital and surplus, as the case may be, upon which the computation of the privilege fees shall be made."   *   *   *

In the annual report of the condition on June 30, 1921, the hotel company stated $525,500 as the amount

of its capital stock, subscribed and paid in; value of real estate in Michigan, $129,133.73; personal property $13,653.82; cash $37,437.59; credits $1,675.74; Pantlind Building Company stock $449,117.33, making the assets $631,018.21.    Its liabilities on unsecured indebtedness $49,107, and its surplus $56,411.21, and attached a computation of the tax on the basis of $581,911.21, its capital stock and surplus, "less $459,700, capital stock in Pantlind Building Company owned by this company, which stock has its situs in Delaware," leaving $122,211.21 as its capital stock taxable here, and paid $427.74, the amount of the mill tax on such sum, and stated its claim as follows:

"The Pantlind Hotel Company is a corporation organized and existing under the laws of Delaware.    It is taxable in Michigan only upon the proportion of its property 'owned and used in Michigan.'    Public Acts, Michigan, 1921, page 191.    It is a well settled principle of law that the situs of shares of foreign-held stock in an incorporated company is at the domicile of the owner.    The domicile of Pantlind Hotel Company being in Delaware, it follows that the situs of the shares of stock owned by that company in the Pantlind Building Company is in Delaware, and that such shares are not taxable in Michigan."

The secretary of State, upon such report, computed the tax at $1,839.25, holding that the shares of stock in the building company, owned by the hotel company, could not be deducted; that the shares were not located without but within the State, and the value thereof must enter into the computation as a part of the basis for the franchise fee.

The business of the hotel company being wholly carried on within this State, we do not have to consider the rules relative to interstate commerce and Federal sovereignty.    The issue here is governed by rules of State sovereignty.    The franchise granted the hotel company in Delaware to be a corporation has

no extraterritorial force.    Such franchise may, however, be given recognition in this State and the corporation be permitted to do business here upon such terms and conditions as the legislative power may determine.    While the statute fixes the annual privilege fee to be paid by all corporations it seeks to comply with established law in the method and basis of computing the tax to be paid by foreign corporations in limiting consideration to the amount of authorized capital stock owned and used in Michigan and expressly excluding all property and capital located without the State or exclusively used in interstate commerce.    This brings us directly to the question of situs of the stock of the building company owned by the hotel company.    If situs thereof is the domicile of the owner then it is beyond the taxing power under this statute.    May a "legal" or "business" situs be found apart from that of domicile of the owner?    Tested by our decisions we must answer in the negative.

We have here the inverse of the situation in *White Bros. Lumber Co.* v. *Corporation Tax Appeal Board,* 222 Mich. 274.    There a Michigan corporation owned the stock of a British Columbia corporation and we held, under this same law, that such stock was personal property and its situs, for the purpose of taxation, that of the domicile of the owner, the Michigan corporation.    In the case at bar stock of a Michigan corporation is owned by a Delaware corporation, and, if we were right in our holding in the *White Case,* it decides this case.    But, the attorney general states:

"No circumstances were presented in that case which would warrant the conclusion that the company itself intended this stock to be owned or used at any other place than its legal domicile.    In the instant case a group of Michigan residents organized plaintiff corporation under the laws of Delaware for certain advantages they might derive and without any in-

tention of ever transacting any business there, then by qualifying in Michigan and placing all of its property and business here the corporation becomes to all intents and purposes a domestic corporation. Even the item of stock in the Pantlind Building Company is located in Michigan according to the main report submitted by the company to the secretary of State for the purpose of computing its privilege tax. By its own action, as shown from the face of the record, the corporation has constituted these shares as property owned and used in Michigan. It has changed their situs from that designated by legal fiction at the legal domicile of the corporation, to the commercial domicile which is in Michigan."

We do not care to rest the law of situs upon a consideration of only a part of the report mentioned. The exemption was expressly claimed in another part of the report, and besides, we do not feel that the well established rule of situs should be made subject to the ambulatory instability contended. The legislature might, perhaps, consider such grounds for exclusion but, in consideration of comity, has not done so. The organization of the Delaware corporation was legitimate, and we cannot draw a line with the *White Case* on one side of it and this case on the other.

As stated in *Bullen* v. *Wisconsin*, 240 U. S. 625 (36 Sup. Ct. 473) :

"When the law draws a line, a case is on one side of it or the other, and if on the safe side is none the worse legally that a party has availed himself to the full of what the law permits. When an act is condemned as an evasion what is meant is that it is on the wrong side of the line indicated by the policy if not by the mere letter of the law."

The letter of the law has not yet condemned nor policy discountenanced the right of our citizens to organize a corporation in another State, own all its capital stock and carry on the sole business thereof

in the State of Michigan, if admitted to do so, in compliance with our laws. Neither does the law prohibit ownership of the capital stock of the domestic corporation by the foreign corporation. These corporations are distinct entities and unity of incorporators is of no moment.

The rule we applied in the *White Case,* and now apply here, is that of the common law, universally recognized, and conceded by the attorney general as generally applicable, but he insists there are exceptions and this case is without the rule.

In some States statutes declaratory of the common-law rule exist, in some, statutes modify the common law, and some courts intimate the rule is but a fiction and has outlived its utility.

In *Commonwealth* v. *Bingham's Adm'r,* 188 Ky. 616 (223 S. W. 999), stocks of foreign corporations owned by a resident of Kentucky were deposited in New York banks. In following the common-law rule of situs, the court stated:

"Unquestionably all of this personalty had a legal situs in Kentucky on July 27, 1917, and our statutes fixing the legal situs of such property at the residence of the owner are not peculiar to this State but the legal principle involved is, we believe, universally recognized as a sound one. It may be merely a legal fiction, as counsel for appellee calls it, but it is nevertheless a legal necessity without which laws of descent and distribution, comity between States and Nations, and many others as well as taxation, would become a hopeless tangle utterly incapable of just administration. Had Mrs. Bingham upon that date changed her residence to a place to which she could have taken her intangible personalty its situs would have automatically followed her, but property, like an individual, must have, in contemplation of law, some place of abode, and likewise when its situs becomes fixed at one place it must in law remain there until it acquires another situs."

The hotel company, a foreign corporation, has no domicile here and can have none; its domicile is the State of its origin and cannot migrate. The company may be permitted to do business here but this in no sense brings its domicile to this State. We assume the building company, a domestic corporation, pays taxes upon its property.

We must take the statute as we find it and may not enlarge its scope. It expressly exempts from the tax all of the property or capital of the hotel company located without the State of Michigan.

Cases from other jurisdictions are of little help, except as they state general principles, for in each case there is a local statute or constitutional provision involved. We have received some help from *Callery's Appeal*, 272 Pa. 255 (116 Atl. 222).

The situs of the stock in question is in the State of Delaware and, being without the State of Michigan, cannot be included in the computation of the privilege tax.

The holding of the corporation tax appeal board is reversed, with costs to plaintiff herein.

McDONALD, C. J., and CLARK, BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred.