*In re* DODGE BROTHERS.

1. TAXATION—SITUS OF DOMICILE GOVERNS IN TAXING INTANGIBLE ASSETS.
   In Michigan the court has adhered to the common-law rule of situs of domicile for the purpose of taxing intangible assets.

2. SAME—TAX EXACTIONS REST UPON LEGISLATIVE ENACTMENT.
   Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers may only act within express authority conferred by law.

3. STATUTES—SCOPE OF TAX LAWS NOT EXTENDED BY IMPLICATION.
   The scope of tax laws may not be extended by implication or forced construction.

[1]Taxation, 37 Cyc. p. 806; [2]Id., 37 Cyc. p. 767; [3]Statutes, 36 Cyc. p. 1189.

4. SAME—DUBIOUS LANGUAGE NOT RESOLVED AGAINST TAXPAYER.
   The language of tax laws may be made plain, and if it is dubious it is not resolved against the taxpayer.

5. TAXATION—CREDITS ARE INTANGIBLE ASSETS TAXABLE AT DOMICILE OF OWNER.
   Credits, by way of deposits in banks, upon accounts receivable, and payments to be received on land contracts are all intangible assets, and situs thereof for the purpose of taxation is the domicile of the owner, unless fixed elsewhere by some positive tax law.

6. SAME—"BUSINESS SITUS" NOT RECOGNIZED IN ABSENCE OF STATUTE.
   Situs of domicile, with reference to intangibles for purpose of taxation, is not at all affected by the mere place of business, for the law, short of statute to a different end, does not admit of a so-called "business situs" changing or interfering with the situs of domicile.

7. SAME—SITUS FOR PURPOSE OF TAXATION OTHER THAN DOMICILE OF OWNER MAY BE FIXED BY STATUTE.
   The common-law rule of situs may be changed by statute and a situs established for the purpose of a corporation privilege tax apart from that of domicile without offending the fundamental law or judicial pronouncements.

8. SAME—CORPORATIONS—FOREIGN CORPORATIONS MUST PAY PRIVILEGE TAX REQUIRED BY STATUTE.
   Foreign corporations, with the privilege of carrying on business in Michigan, must comply with the corporation tax law (Act No. 85, Pub. Acts 1921, as amended by Act No. 233, Pub. Acts 1923), so far as the express provisions thereof are within the powers of the State.

9. SAME—SITUS OF INTANGIBLE PROPERTY FOR TAXATION PURPOSE IS DOMICILE OF OWNER.
   The situs of intangible personal property for purposes of taxation in Michigan is the domicile of the owner, and "business situs" other than that determined by domicile is not recognized, in the absence of statute providing therefor.

10. SAME—SUMS TO COME DUE ON LAND CONTRACTS INTANGIBLE PROPERTY.
    Sums to come due to a foreign corporation on land con-

---

[4]Statutes, 36 Cyc. p. 1189; [5]Taxation, 37 Cyc. p. 806; [6]Id., 37 Cyc. p. 806; [7]Id., 37 Cyc. p. 806; 36 L. R. A. (N. S.) 295; 49 A. L. R. 1296; [8]Id., 37 Cyc. p. 860; [9]Id., 37 Cyc. p. 806; [10]Id., 37 Cyc. p. 1045.

tracts are to be considered personalty and are part of the intangible assets for the purpose of fixing the privilege tax to be paid by it, because they constitute credits.

11. SAME—PRIVILEGE TAX BASED ONLY ON PORTION OF PAID-UP CAPITAL AND SURPLUS OWNED AND USED IN MICHIGAN.

The privilege tax required to be paid by foreign corporations under Act No. 85, Pub. Acts 1921, as amended by Act No. 233, Pub. Acts 1923, must be based only on the portion of the corporation's paid-up capital and surplus owned and used in Michigan, and all intangible personalty located without the State of Michigan, that is, having situs at the domicile of the owner outside of Michigan, cannot be considered as any part of the basis upon which the privilege tax is to be computed.

Certiorari to Corporation Tax Appeal Board. Submitted October 19, 1927. (Docket No. 25.) Decided February 14, 1928.

Dodge Brothers, Incorporated, appealed to the corporation tax appeal board from a determination of the secretary of State of the amount of the privilege fee due the State under the provisions of Act No. 85, Pub. Acts 1921, as amended by Act No. 233, Pub. Acts 1923. From an order sustaining the determination, plaintiff brings certiorari. Reversed.

*Beaumont, Smith & Harris* and *Archibald Broomfield* (*John W. Eckelberry*, of counsel), for appellant.

*William W. Potter*, Attorney General, and *Harry A. Metcalf* and *Kit F. Clardy*, Assistants Attorney General, for appellee.

WIEST, J. This is certiorari to review the decision of the corporation tax appeal board in the matter of the privilege tax to be paid the State for the year 1926 by Dodge Brothers, Inc., a foreign corporation, duly admitted to do business here and having its place

---

[11]Taxation, 37 Cyc. p. 1045; L. R. A. 1915C, 914; 26 R. C. L. 382; 4 R. C. L. Supp. 1657; 5 R. C. L. Supp. 1398.

of business at the city of Hamtramck, this State. Dodge Brothers, Inc., herein styled plaintiff, is a corporation organized under the laws of the State of Maryland, with its home office in the city of Baltimore. May 1, 1925, it was admitted to do business in this State and thereby subjected itself to the privilege tax imposed by Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [1] *et seq.*), as amended by Act No. 233, Pub. Acts 1923. The obligation to pay the annual privilege tax is not contested, but the basis for its computation is the question of law we are asked to determine.

Plaintiff, at the time of its annual report, had $1,393,993.32 on general deposit in banks located in the State of Michigan; had $36,280.17, cash on hand, in this State; had due it $939,990.13 on land contracts covering property sold by it in this State, and had due it on accounts receivable $6,719,402.57. In computing the annual privilege fee plaintiff excluded from consideration all of the above items, on the ground that situs thereof was the domicile of the corporation in the State of Maryland, and tendered the secretary of State (the privilege tax collector) the sum of $46,667.66, inclusive of $2 filing fee. The secretary of State, in computing the privilege tax, included the above-mentioned items and exacted the maximum tax of $50,000. Plaintiff took an appeal to the corporation tax appeal board, and that board affirmed the action of the secretary of State and plaintiff reviews by certiorari.

In this jurisdiction the court has adhered to the common-law rule of situs of domicile.

In *Saginaw Manufacturing Co.* v. *Secretary of State*, 226 Mich. 1, bonds bought outside of the State, and kept outside by a domestic corporation, were held to have situs at domicile of the owner and to be subject to the privilege tax.

In *White Brothers Lumber Co.* v. *Tax Appeal Board*, 222 Mich. 274, capital stock of a foreign corporation, owned by a domestic corporation, was held to have situs at the domicile of the owner and to be subject to the privilege tax.

In *Re Pantlind Hotel Co.*, 232 Mich. 330 (49 A. L. R. 1291), capital stock of a domestic corporation, owned by a foreign corporation, was held to have situs at the domicile of the owner and was not subject to the privilege tax in this State.

Tax exactions, property or excise, must rest upon legislative enactment, and collecting officers can only act within express authority conferred by law. Tax collectors must be able to point to such express authority so that it may be read when it is questioned in court. The scope of tax laws may not be extended by implication or forced construction. Such laws may be made plain, and the language thereof, if dubious, is not resolved against the taxpayer. Credits, by way of deposits in banks, upon accounts receivable, and payments to be received on land contracts, are all intangible assets and situs thereof is the domicile of the owner, unless fixed elsewhere by some positive tax law. Situs of domicile, with reference to intangibles, is not at all affected by the mere place of business, for the law, short of statute to a different end, does not admit of a so-called business situs changing or interfering with the situs of domicile. *In re Pantlind Hotel Co., supra*. This is but saying that common-law situs governs unless modified or abrogated by statute.

The case before us does not involve a property tax or rights of interstate commerce, but only the question of situs of intangible property, under our law, to be considered factors in computing the corporation privilege tax. Does the corporation privilege tax statute modify or abrogate the common-law rule of situs? Such common-law rule of situs may be changed by statute and a situs established for the purposes of a

corporation privilege tax apart from that of domicile without offending the fundamental law or judicial pronouncements. Plaintiff, with the privilege of carrying on its business in this State, must comply with the corporation privilege tax law, so far as the express provisions thereof are within the powers of the State. If the statute is inclusive of the mentioned intangible property, as factors in computing the tax, then plaintiff must abide its provisions.

We now turn to the statute. The privilege tax is upon "each dollar of its paid-up capital and surplus." Section 4, Act No. 233, Pub. Acts 1923. The statute defines the meaning of surplus:

"The term 'surplus,' as used in this act, shall be taken and deemed to mean the net value of the corporation's property, less its outstanding indebtedness and paid-up capital." Section 5, Act No. 85, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 11361 [7]).

The same section also provides:

"In the case of computing the privilege fees   *   *   * as to foreign corporations, such computation shall be made upon the proportion of the corporation's property owned and used in Michigan in the ratio that such property bears to the entire property of the corporation, and such ratio shall be applied by the secretary of State to determine the amount of the authorized capital stock of such corporation owned and used in Michigan, and to determine what portion of the corporation's paid-up capital and surplus, severally, are owned and used in Michigan."

If the statute had stopped at this point the question would be more difficult but the same section, after defining the term "surplus," as before mentioned, provides:

"None of the property or capital, of any corporation subject to paying the privilege fee prescribed in section four which is located without the State of Michigan,   *   *   *   shall in any case enter into the computation of the net amount of the authorized

capital, or the capital and surplus, as the case may be, upon which the computation of the privilege fees shall be made."

It will be noted that the "ratio" provision relates to foreign corporations only, while the situs provision relates to all corporations.    To determine whether property "is located without the State of Michigan," requires application of the rule of situs, otherwise the decision in *Saginaw Manufacturing Co.* v. *Secretary of State, supra,* was wrong, for there the bonds were in another State, but, under the common-law rule of situs of domicile of the owner, were held subject to the privilege tax here.    If the legislature intended the term "located without the State of Michigan" in a sense different than that of situs the act should have so stated.    In *Re Pantlind Hotel Co., supra,* we had this same section of the statute before us and held that the common-law rule of situs governed under its provisions.

In 2 Cooley, Taxation (4th Ed.), § 455, it is stated:

"In considering the situs for taxation of intangible personal property, it is first necessary to determine what is 'intangible' personalty.    As to this there is little dispute except perhaps as to money itself which is sometimes referred to as intangible property and sometimes as tangible property.    'Intangible' personalty includes open accounts and bills receivable, credits, whether or not evidenced by a writing, promissory notes, mortgages (considered as personalty), bonds, shares of stock, deposits in banks, judgments, and the like, where the debt or obligation is the real thing.    As to all these, the rule is well settled, although the exceptions to the rule, equally well settled, must always be kept in mind. The rule is that the situs of intangible personal property, for the purpose of taxation, is the domicile of the owner, unless the property has acquired a business situs in another State, or it is otherwise provided by statute."    *    *    *

This statement of the law of situs applies to the case

at bar, except as to a "business situs" (*In re Pantlind Hotel Co., supra*).

Sums to come due plaintiff on land contracts are to be considered personalty (*Detroit Trust Co.* v. *Baker*, 230 Mich. 551), for they constitute credits. The privilege tax, under the statute, must be based only on the portion of the corporation's paid-up capital and surplus owned and used in Michigan, and all intangible personalty located without the State of Michigan, that is having situs at the domicile of the owner outside of Michigan, cannot be considered as any part of the basis upon which the privilege tax is to be computed. Our decisions are so determinative of the questions presented as to render it unnecessary to consider or discuss cases from other jurisdictions. If the legislature desires to fix a "business situs" or make intangible personalty a factor to be considered in computing the privilege tax, regardless of common-law situs at the domicile of the owner, the way is open to so declare by express provisions to such effect.

The assessment appealed from is set aside and the matter remanded to the secretary of State to reassess the privilege tax in accord with this opinion. Plaintiff will recover costs.

FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred.

Chief Justice FLANNIGAN and the late Justices SNOW and BIRD took no part in this decision.