## *In re* TRUSCON STEEL CO.

1. TAXATION—CORPORATIONS—SITUS OF INTANGIBLE PROPERTY IS DOMICILE OF OWNER.

In computing the specific tax to be paid by a corporation under Act No. 85, Pub. Acts 1921, as amended, the common-law rule that the situs of intangible property is the domicile of the owner should be followed, in the absence of statute changing the rule.

2. CONSTITUTIONAL LAW—CORPORATIONS—SPECIFIC TAXES—STATUTES.

That the adoption of the common-law rule that the situs of intangible property is the domicile of the owner, in computing the specific tax of domestic corporations under Act No. 85, Pub. Acts 1921, as amended, requires such corporations to pay a much higher tax to the State than foreign corporations are required to pay to the State of their domicile, does not render the statute unconstitutional under section 2, Art. 10, of the State Constitution or the 14th Amendment to the Federal Constitution.

3. TAXATION—INTANGIBLES MAY NOT BE TAXED IN STATE OTHER THAN OWNER'S DOMICILE.

Intangibles which have come to rest in a State other than the domicile of the owner, and are there only for safe keeping, even though placed there in an attempt to escape taxation, may not be there taxed.

4. SAME—MORTGAGE ON REAL ESTATE IN ANOTHER STATE TAXABLE IN DOMICILE OF OWNER.

A tax on intangible property at the domicile of its owner is valid, even though it be in the form of a bond secured by mortgage on real estate located in another State.

5. CORPORATIONS—PRIVILEGE FEE IS AN EXCISE TAX.

The privilege fee required by Act No. 85, Pub. Acts 1921, as amended, to be paid annually by corporations, is not a property tax, but is an excise tax, and the corporation's property is used solely as a yardstick to determine the amount of the tax.

On the question as to whether shares owned by resident in a foreign corporation is subject of property tax, see annotation in 43 A. L. R. 686; 48 A. L. R. 997.

Certiorari to Corporation Tax Appeal Board. Submitted January 24, 1929. (Docket No. 138, Calendar No. 34,123.) Decided March 29, 1929.

The Truscon Steel Company appealed to the corporation tax appeal board from a determination of the secretary of State of the amount of the privilege fee due the State. From an order sustaining the determination, plaintiff brings certiorari. Affirmed.

*Butzel, Levin & Winston* (*A. J. Levin, I. Z. Acoff,* and *O. P. Lambert,* of counsel), for appellant.

*Wilber M. Brucker,* Attorney General, *Harry A. Metcalf,* Assistant Attorney General (*Alice E. Alexander,* of counsel), for appellee.

Fellows, J.   The Truscon Steel Company is a Michigan corporation maintaining an office at Detroit, where a small amount of business is conducted. Its main plant and executive offices are maintained at Youngstown, Ohio. The controversy here involves the use of three items of intangible personal property in the computation of the specific tax required by Act No. 85, Pub. Acts 1921, as amended. These items are as follows:   (1) Due from banks located outside the State for money on deposit, $404,353.33;   (2) notes and accounts receivable, $4,903,298.75; and (3) deferred charges amounting to $77,113.06.   These sums are attributable to the business outside the State, having been acquired by and used in such business.   We again have before us the question of whether the maxim *mobilia sequuntur personam*—movables follow the person— shall be followed in the computation of this excise, or whether we should adopt for convenience the theory of business situs. The same question has

been before us on four occasions: *White Bros. Lumber Co.* v. *Tax Appeal Board,* 222 Mich. 274; *Saginaw Manufacturing Co.* v. *Secretary of State,* 226 Mich. 1; *In re Pantlind Hotel Co.,* 232 Mich. 330 (49 A. L. R. 1291); *In re Dodge Bros.,* 241 Mich. 665. In each of these cases we have recognized the common-law rule that the situs of intangible property is the domicile of its owner, and in the *Dodge Brothers Case* we pointed out that it was within the province of the legislature to change this rule, but that until changed by the legislature, we could not adopt a "business situs" instead of the situs of the owner for the purposes of the act. Two of these cases involved domestic corporations, two foreign corporations. We applied the rule alike to both classes. It resulted in the use of the intangibles in making the assessment upon the two domestic corporations and their elimination in the cases of foreign corporations. Unless we overrule these cases, which we are not inclined to do, the computation made by the secretary of State must be upheld.

But counsel for the company insist that if the act is to be so construed, it offends section 2, Art. 10 of the State Constitution, and the Fourteenth Amendment to the Federal Constitution. This contention was made in *Union Steam Pump Sales Co.* v. *Secretary of State,* 216 Mich. 261, where the constitutionality of the act was assailed and its validity sustained. But as counsel have approached the Federal question, at least, from a somewhat different angle, we should again consider that question. It is true that following the common-law rule results in the consideration of intangibles of Michigan corporations in making the computation and their rejection when held by foreign corporations. But both computations are made in accordance with the same

rule of law, with the adoption of the same legal fiction, if we should call it such.  The fact that the adoption of such rule requires the Michigan corporations to pay a much higher rate to this State under our statutes than the Pantlind Company is required to pay to Delaware, the State of its domicile, and the Dodge Company to Maryland, the State of its domicile, both of which States levy but a fraction of what is here levied, does not render the act invalid. A tax upon intangibles which have come to rest in a State other than the domicile of their owner, and are there only for safe keeping, even though placed there in an attempt to escape taxation, is invalid. *Buck* v. *Beach,* 206 U. S. 392 (27 Sup. Ct. 712).  But a tax upon an intangible at the domicile of its owner is valid even though it be in the form of a bond secured by a mortgage on real estate located in another State.  *Kirtland* v. *Hotchkiss,* 100 U. S. 491. In this case, Mr. Justice Harlan speaking for the court said:

"Plainly, therefore, our only duty is to inquire whether the Constitution prohibits a State from taxing, in the hands of one of its resident citizens, a debt held by him upon a resident of another State, and evidenced by the bond of the debtor, secured by deed of trust or mortgage upon real estate situated in the State in which the debtor resides.

"The question does not seem to us to be very difficult of solution.  The creditor, it is conceded, is a permanent resident within the jurisdiction of the State imposing the tax.  The debt is property in his hands constituting a portion of his wealth, from which he is under the highest obligation, in common with his fellow-citizens of the same State, to contribute for the support of the government whose protection he enjoys.   *   *   *   The debt, then, having its situs at the creditor's residence, both he and

it are, for the purposes of taxation, within the jurisdiction of the State. It is consequently, for the State to determine, consistently with its own fundamental law, whether such property owned by one of its residents shall contribute, by way of taxation, to maintain its government. Its discretion in that regard cannot be supervised or controlled by any department of the Federal government, for the reason, too obvious to require argument in its support, that such taxation violates no provision of the Federal Constitution."

And in *Southern Pacific Co.* v. *Kentucky,* 222 U. S. 63 (32 Sup. Ct. 13), Mr. Justice Lurton, speaking for the court said:

"The difficulties attendant upon the taxation of intangible property elsewhere than at the domicile of the owner have largely preserved the domicile of the owner as the proper situs for purposes of taxation.

"The legality of a tax is not to be measured by the benefit received by the taxpayer, although equality of burdens be the general standard sought to be attained. Protection and taxation are not necessarily correlative obligations, nor precise equality of burden attainable, however desirable. The taxing power is one which may be interfered with upon grounds of unjustness only when there has been such a flagrant abuse as may be remedied by some affirmative principle of constitutional law."

See, also, *State Tax on Foreign Held Bonds,* 15 Wall. (U. S.) 300; *Kansas City, etc., R. Co.* v. *Kansas,* 240 U. S. 227 (36 Sup. Ct. 261); *Cream of Wheat Co.* v. *County of Grand Forks,* 253 U. S. 325 (40 Sup. Ct. 558). These cases and others which might be cited sustain the constitutionality of the act. We have cited as illustrative some cases where the tax was a property tax. By so doing we do not recede

from our holding in *Union Steam Pump Sales Co.* v. *Secretary of State, supra,* that this tax is not a property tax but is an excise tax in which the property is used solely as a yardstick.

The action of the secretary of State and the appeal board will be affirmed.

North, C. J., and Fead, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.