**CHESTNUT SECURITIES CO. v. OKLAHOMA TAX COMMISSION et al,**

No. 25311. March 5, 1935.

Rehearing Denied July 16, 1935.

Application for Leave to File Second Petition for Rehearing Denied Sept. 10, 1935.

C. W. Talbot, for plaintiff in error.

C. W. King, Attorney for Oklahoma Tax Commission, and A. L. Herr, for defendants in error.

GIBSON, J. The parties appear here as they appeared in the court below, and will be referred to herein as plaintiff and defendants.

Plaintiff is a corporation organized and existing under the laws of the state of Delaware, its charter having been granted by that state on December 14, 1931, and was licensed to do business in this state on December 28, 1931. Thereafter, and within the proper time, it filed with the Oklahoma Tax Commission its annual corporation license return for the fiscal year beginning July 1, 1932, and ending June 30, 1933, as required by chapter 66, Session Laws 1931, and paid a tax, computed by the Oklahoma Tax Commission, in the sum of $541. Thereafter, on December 9, 1932, pursuant to notice and after a hearing, the Oklahoma Tax Commission found that an additional license tax in the sum of $1,713 for the fiscal year 1932-1933 was due to the state from plaintiff because of the fact that certain cash and intangible personal property which was apportioned in plaintiff's license return between Oklahoma and elsewhere should have been apportioned wholly to Oklahoma, due to the fact that plaintiff's business residence, its principal place of business, and all of its physical property were located within Oklahoma, and the cash and intangibles, although in the custody of another outside of Oklahoma, were under the exclusive control of the officers and directors of the plaintiff corporation, who were residents of and maintained plaintiff's offices in the city of Tulsa in this state. Plaintiff paid the additional tax under protest, and thereafter, within the statutory time provided therefor, filed suit in the dis-

trict court[i] of Oklahoma county against the defendants herein for the recovery of the additional tax so paid. Judgment was rendered in favor of the defendants, and plaintiff appealed.

Plaintiff's petition alleges and the evidence shows that it is a Delaware corporation, with its principal place of business at Wilmington, Del.; that the cash, bonds, and stocks of foreign corporations which the Oklahoma Tax Commission found to have a taxable situs in Oklahoma were held without this state, and were not acquired as a result of business done and were not used in the business transacted by plaintiff in Oklahoma.

Defendants' answer alleged and the proof showed that plaintiff's "only place of substantial business" was located in the city of Tulsa; that all of its stockholders resided and were domiciled in this state; that all of plaintiff's business during the period of time in question was transacted in Oklahoma; that the cash, bonds, and stocks, although physically in banks and vaults outside of this state, were in the absolute control of plaintiff and were not used in connection with any business in any foreign state. Defendants also alleged that the cash, stocks, and bonds were held outside of this state for the purpose of enabling the plaintiff to evade the tax laws of this state, but there was no proof of that allegation.

The tax sought to be collected by defendants is levied by sections 4 and 6, chapter 66, Session Laws of 1931 (secs. 12376-12378, O. S. 1931). Section 4 provides:

"It shall be the duty of every corporation organized under the laws of this state and of every corporation organized under the laws of any other state, territories, District of Columbia, insular possessions or any foreign country, doing business in this state, to procure annually, from the Oklahoma Tax Commission, a license authorizing the transaction of its business in this state.

"Each such corporation shall pay for such license a fee of one dollar per each one thousand dollars, or portion thereof, of the value of its capital stock employed in Oklahoma, as the value of capital stock employed in Oklahoma is defined in section 6 hereof."

Section 6 in part provides:

"For the purpose of computing the amount of license fees hereby imposed and payable by any such corporation, the value of capital stock employed in this state shall be declared to be the value of that portion of the capital stock of the corporation which equals the proportion which the property owned and business done in Oklahoma bears to the total property owned and business done by the corporation.

"This portion of capital stock of any such corporation employed in this state shall be segregated, and its value stated by the corporation, based upon the proportions hereinabove prescribed, and shall be reported to the Oklahoma Tax Commission; and the value of said stock so reported shall be prima facie the measure of the value of the capital stock of such corporation apportioned to this state, for the purpose of this act."

Plaintiff corporation was organized and created under the laws of the state of Delaware and its domicile is in that state. Bergner & Engle Brew. Co. v. Dreyfus, 172 Mass. 154, 51 N. E. 531, 70 A. S. R. 251.

The rule is that the situs of such intangible property as is sought to be taxed here is, for the purpose of taxation, the domicile of the owner. Cooley on Taxation, vol. 2 (4th Ed.) section 455, p. 1006. See Kirtland v. Hotchkiss, 100 U. S. 491, 25 L. Ed. 558; State Tax on Foreign-held Bonds, 15 Wall. 300, 21 L. Ed. 179; Northern Central Ry. Co. v. Jackson, 7 Wall. 262, 19 L. Ed. 88.

An exception to the general rule is stated in Cooley on Taxation (4th Ed.) section 465, as follows:

"While 'the undoubted rule is that, for the purposes of taxation a debt is property at the residence or domicile of the creditor,' it is also true that a debt may acquire a situs elsewhere. 'Business situs' has come to be a well recognized term in the law of taxation. Primarily it is an exception to the rule that the situs of intangible personal property is at the domicile of the owner, so as to make property which has acquired a 'business situs' in a state other than the domicile of the owner taxable in such state. * * *"

It is stated by the same author that, although the rule is settled that intangible property belonging to a nonresident may acquire a business situs so as to be taxable, yet just what will constitute a business situs is not susceptible of precise definition. The presumption is that the situs of the intangible property sought to be taxed herein is the domicile of the plaintiff, the state of Delaware. Monidah Trust Co. v. Sheehan, 45 Mont. 424, 123 P. 692.

A consideration of the evidence as to where and for what purpose such property

is used is necessary to determine whether or not this presumption has been overcome. The testimony shows that all of the stockholders and directors of the plaintiff corporation resided in Tulsa; that the business of the company was transacted from the Tulsa office; that all of the directors' meetings had been held in Tulsa; that it had an assistant secretary at Wilmington, Del., who had custody of a part of the intangible property sought to be taxed; that the assistant secretary did not have the right to sell, transfer, or otherwise dispose of this property without the direction of the Tulsa office; that a part of this property was in Pittsburgh, Pa., in the custody of the Union Trust Company, but that this property also was under the absolute control of the company management at Tulsa; that at the time of making the report the business transacted at the Tulsa office consisted of the operation of an office building owned by plaintiff; that it did not buy, sell, or deal in stocks, and that the stocks, bonds, etc., held in Delaware and Pittsburgh were held by the company as an investment; that the condition of the securities held in Wilmington, Del., and Pittsburgh, Pa., so far as the control thereof is concerned, has not changed since the organization of the company up until the hearing before the Oklahoma Tax Commission; that the company paid a corporation license tax to the state of Delaware based on the values of the properties in question; that the property was not used in the business of the plaintiff in this state; that the securities, stocks, cash, government bonds, etc., had been virtually the same since the date of the organization or incorporation of the company.

There is no evidence that these intangibles which are sought to be taxed here were ever within the boundaries of this state. It is true that they were under the absolute control of the directors and officers of the plaintiff corporation who resided in this state, but that alone is not sufficient to create a "business situs" in this state of these properties so as to render them taxable here. In re Pantlind Hotel Co., 232 Mich. 330, 205 N. W. 99.

The corporation is a legal entity separate and distinct from the directors and officers. The residence of the latter cannot affect the domicile of the former, and we do not consider the residence of the directors a determinating factor herein. Control of the intangible property is a factor to be con-

sidered, but such control must be so exercised that the intangible property is actually used or employed by the nonresident corporation in its business transacted in this state. There is evidence that these stocks, bonds, etc., were never used in the business of plaintiff transacted in this state. It is true that the evidence also discloses that the plaintiff did not transact business at any other place, but it is not inconceivable that at the time the plaintiff received its charter from the state of Delaware, or at least before it was licensed to do business in this state, it invested a part of its capital stock in the intangible properties which are sought to be taxed here and held them thereafter as an investment. There is no evidence that plaintiff purchased and held these properties in foreign states for the purpose of evading the tax laws of this state, and we cannot presume that it did so.

We conclude that there was no evidence to sustain the judgment of the trial court. The cause is reversed and remanded, with instructions to the trial court to render judgment in favor of the plaintiff.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.