## FORD MOTOR CO. v. OKLAHOMA TAX COMMISSION.

No. 28986. Oct. 22, 1940.

*106 P. 2d 803.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

Dick Jones, A. L. Herr, Wendell Barnes, and C. D. Stinchecum, all of Oklahoma City, for defendant in error.

DAVISON, J. This action originated in the district court of Oklahoma county. It was instituted by the Ford Motor Company, a Delaware corporation, to recover from the Oklahoma Tax Commission $2,400, representing a portion of the license fee paid by the plaintiff for the privilege of doing business in the state during the fiscal year beginning July 1, 1936. The sum was exacted from the plaintiff by the defendant in addition to $799 paid by plaintiff and admitted to be due at the time of filing the corporation's return. It was paid under protest, and this action to recover the same was duly instituted within the time required by law.

On submission of the cause in the trial tribunal, judgment was entered for the defendant, and plaintiff appeals, appearing herein as plaintiff in error. Our reference to the parties will be by their trial court designation.

The authority of the defendant to retain the sum in controversy depends upon chapter 155, Session Laws 1933, now superseded by subsequent legislation and repealed with a "saving" clause. (Session Laws 1939, page 412, section 11, art. 6, ch. 66.) The computation of the defendant in determining the charge to be made was based upon figures conceded by the plaintiff to be correct, with the exception of a slight error rectified by agreement of the parties, and admittedly constituted an accurate application of the formula prescribed by statute (sections 3 and 5 of chap. 155, S. L. 1933, supra). The complaint is that the statutory formula as applied to the plaintiff contravenes the "commerce" clause (art. 1, sec. 8) and the "equal protection" and "due process" clauses (14th Amendment) of the Constitution of the United States.

The formula prescribed by statute is set forth in section 5 of the act in the following language (second grammatical paragraph):

"For the purpose of computing the amount of license fees hereby imposed and payable by any such corporation, association or organization, the value of capital stock or other written evidence of interest or ownership employed in this state is hereby declared to be the value of that portion of the capital stock or other evidence of interest or ownership of the corporation, association or organization which equals

the proportion which the property owned and business done in Oklahoma bears to the total property owned and business done by the corporation, association or organization."

The above should be read in conjunction with that portion of section 3 of the act providing:

"Each such corporation, association or organization shall pay for such license, a fee of one dollar per each one thousand dollars, or portion thereof, of the value of its capital stock employed in Oklahoma, as the value of capital stock employed in Oklahoma is defined in section five (5) hereof."

The principal complaint of the plaintiff is based upon the fact that the statute authorized the defendant to, and the defendant did, take into consideration in computing the charge the amount of business done in Oklahoma by the plaintiff, which was in a greater ratio to its entire business than the properties owned in Oklahoma were to its aggregate properties. The plaintiff, in computing the amount of tax claimed by it to be due, ignored that factor.

The plaintiff corporation is a unitary enterprise and is engaged in the manufacture of products (principally automobiles and other motor driven vehicles) which it manufactures and assembles outside the state of Oklahoma and sells in Oklahoma. A part of the automobiles were, during the tax year involved, distributed from a central plant in Oklahoma City to other parts of the state. Also, the Ford Motor Company establishment in Oklahoma City is the general distributing plant for parts going to dealers throughout the state.

The record shows that the value of plaintiff's Oklahoma assets, during said year, amounted to the sum of $908,680.-05; that the amount of business transacted by it in Oklahoma during said period of time amounted to $6,520,823.-12, making a total of $7,429,503.17. That the value of plaintiff's assets everywhere amounted to $716,193,121.17; that the total amount of business transacted by it everywhere during said year amount-ed to the sum of $744,576,792.31, making a total of $1,460,769,913.48. This sum divided into the amount of $7,429,-503.17 gives a percentage of .00508601-87486. This percentage applied to the total value of plaintiff's capital stock in the sum of $628,928,250.73 gives the result of $3,198,740.87. This amount was fixed by defendant as the actual value of the plaintiff's capital stock employed in this state. Upon this valuation a tax was assessed against it at the rate of $1 per thousand upon each $1,000 of valuation, or a tax in the sum of $3,199.

Since the method of computation adopted by the defendant admittedly conforms to the statute and the pivotal issue in the case is whether the Federal Constitution is traversed by the statute, a more detailed analysis of the mathematical calculation is unnecessary to a determination of this appeal.

The plaintiff complains that by the statutory method of computation this state has thus taken into consideration many properties and assets which were never within the boundaries of the state. Specifically, the plaintiff sets forth its argument under two propositions which read:

"First: That the commission applied the formula under the statute to the total value of the capital stock of Ford, whereby there resulted a levy of a corporate franchise tax beyond the actual value of the capital stock of Ford represented by assets actually employed in Oklahoma, which resulted in exacting and taking from Ford its property without due process of law, and without equal protection of the law as guaranteed to it by the Fourteenth Amendment to the Federal Constitution. * * *

"Second: That the commission applied the formula under the statute to the capital stock of Ford, which determined a value of capital stock employed in Oklahoma in excess of the actual value of property in Oklahoma, and thereby exacted from Ford the levy of a franchise tax upon its properties which were engaged in interstate commerce and which were beyond the jurisdiction of the state."

In controverting these propositions the defendant commission relied in its brief upon Ford Motor Company v. Clark, 100 Fed. 2d 515, wherein the U. S. Circuit Court of Appeals (5th Circuit) approved as valid a Texas statute comparable to our own, refusing to approve the same complaints as are herein made by the plaintiff company.

The plaintiff company did not in its brief deny the similarity of the Texas statute in its dominant aspects, nor the applicability of the decision to the problem here presented. It sought to avoid the effect of that decision by asserting the unsoundness of the same and pointed out that certiorari had been granted by the Supreme Court of the United States (306 U. S. 628). Plaintiff called attention to alleged inconsistencies between the result therein announced and previous decisions of the Supreme Court of the United States. (Examine, in this connection, Wallace v. Hines, 253 U. S. 66, 64 L. Ed. 783, 40 S. Ct. 435; Bass, Ratcliff & Gretton, Ltd., v. State Tax Comm., 266 U. S. 271, 69 L. Ed. 283, 45 S. Ct. 82.)

However, the controversy on this point has been set at rest. The Supreme Court of the United States has announced the same conclusion as did the Circuit Court of Appeals. In Ford Motor Co. v. Beauchamp, Secretary of State of State of Texas, et al., 308 U. S. 331 (Beauchamp substituted for Clark as party litigant, 307 U. S. 611), the judgment of the Circuit Court was affirmed. It was therein pointed out that certiorari was granted because of the "* * * alleged probable conflict with the principles underlying certain decisions of this court. * * *"

The defendants' position in that case was stated by the court in the following language:

"This exaction, petitioner pleads, is calculated from a formula that results in the levy of a tax on assets used in petitioner's interstate business in violation of article 1, section 8, of the Constitution. It is further alleged that the tax operates to deprive petitioner of its property without due process of law in violation of the Fourteenth Amendment because it must pay a tax on property neither located nor used within the state of Texas and on activities beyond the borders of Texas."

And in denying the contention of the plaintiff, the court said:

"* * * The Constitution recognizes the dual interests of the national and state governments and permits taxes for local privileges upon the intrastate activities of the far-flung enterprises which gain large benefits from the nationwide market, protected by the commerce clause. We reject petitioner's contention that constitutionality of state taxation turns on so narrow an issue as whether local assets rather than local gross receipts are used in a taxing formula.

"In a unitary enterprise, property outside the state, when correlated in use with property within the state, necessarily affects the worth of the privilege within the state. Financial power inherent in the possession of assets may be applied, with flexibility, at whatever point within or without the state the managers of the business may determine. For this reason it is held that an entrance fee may be properly measured by capital wherever located. The weight, in determining the value of the intrastate privilege, given the property beyond the state boundaries is but a recognition of the very real effect its existence has upon the value of the privilege granted within the taxing state. * * *"

The decision is of controlling importance and governs our judgment.

Plaintiff says this court has heretofore held that corporate property with taxable situs elsewhere could not be considered in laying a license fee of this character. Chestnut Securities Co. v. Oklahoma Tax Commission, 173 Okla. 369, 48 P. 2d 817. That case involved the computation of a license fee under section 6, art. 4, ch. 66, S. L. 1931 (sec. 12378, O. S. 1931). The present statute is an amendment of that chapter, but there was no material change provided for the method of computing the fee. In the Chestnut Case it appears that the corporation had filed its annual

license return and had paid the fee imposed by the commission. Thereafter the commission in due time and form sought to collect an additional fee on the theory that certain cash and intangible property, which had been considered as having a taxable situs outside the state, and had been included only in the value of all property of the company, should have been allocated wholly to the assets within the state. It was there held that the taxable situs of said property was elsewhere and had been properly considered in the first instance. The only question there, so far as the instant case is concerned, was the situs of the property. That decision does not aid plaintiff's case.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, GIBSON, HURST, and NEFF, JJ., concur.