COUNTY ASSESSOR OF GARFIELD COUNTY v. GREER, Trustee.

No. 31831. June 19, 1945.

*159 P. 2d 737.*

Harry McKeever, County Atty. of Garfield County, and Ted R. Moore, Asst. County Atty., both of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

DAVISON, J. This is a proceeding to set aside and cancel an assessment of intangible personal property. It is presented on appeal from the district court of Garfield county. Vancil K. Greer, trustee, is the complaining property owner. He lives at Kingfisher, Okla., and is trustee for certain bondholders. The Selected Investments Corporation has its principal office in Oklahoma City, Okla. It has ten branch offices in Oklahoma, one of which is at Enid, where it receives applications for installment loans on personal property. Such loans are made out of a revolving fund owned by the Selected Invest-

ments Corporation which is on deposit at the Central National Bank at Enid. As soon as a loan is made the note representing the same is sold to and the possession thereof delivered to Vancil K. Greer at Kingfisher, Okla.

On January 1, 1943, Vancil K. Greer, trustee, had in his possession notes executed in Garfield county during 1942 of the value of $11,920 and there was on deposit to his credit in the Central National Bank in Enid, $3,105.

When the personal loan notes fall due they are collected at Enid by the Selected Investments Corporation or by an agent of Greer and the amount collected is remitted to Vancil K. Greer, trustee, who, when a note is paid in full, returns the same to Enid, Okla., to be surrendered to the borrower.

In addition to his business as the purchaser of loan paper Mr. Greer buys stocks, bonds, United States and municipal, and other securities out of the funds paid him by investors and receipts from the sale of investment securities.

Mr. Greer does not have a business office in Garfield county. He does not operate a business in Garfield county. He does, however, pay the salary of a girl employee there who, when collections are made on notes, transmits such collections to him at Kingfisher.

At the beginning of the year 1943 the county assessor of Garfield county placed on the tax rolls of that county as items of intangible personal property belonging to Vancil K. Greer, notes of the value of $11,920 and a bank deposit in the sum of $3,105 on which Greer alone could draw checks and which was used to purchase commercial paper originating in Garfield county or some other county of the state.

The property thus attempted to be listed and assessed in Garfield county was already on the tax rolls in Kingfisher county.

From the action of the county assessor of Garfield county, Vancil K. Greer per-

fected an appeal to the equalization board of Garfield county, where the protest of Greer was denied. Greer then appealed to the district court of Garfield county, which court on November 29, 1943, rendered judgment in favor of Vancil K. Greer canceling the assessment. The county assessor of Garfield county has appealed to this court and appears before us as plaintiff in error. In presenting the cause on appeal the county assessor says:

"Said court erred in its ruling that the intangible property involved herein does not have a business situs in Garfield County, Oklahoma, for the purpose of taxation."

Our law providing for a tax on intangible personal property is 68 O.S. 1941 § 1506, which provides in part as follows:

"As between counties, intangible personal property subject to taxation under this Act shall be assessed as follows:

"(c) If held or subject to the control of any court clerk of any court of this State, or is under the control and management of any executor, administrator, trustee or other fiduciary residing in or exercising control or management over property from within this State, it shall be assessed in the county in which such person exercises management and control.

"(d) In any of the cases mentioned in subdivisions (a), (b) and (c) of this Section, if the property has acquired a business situs in another county, and in all cases of property owned or controlled by a nonresident, whether individual, corporation, association, common-law trust, business trust, or syndicate having no principal place of business within this State, it shall be assessed in the county in which it has acquired a business situs."

In addition to the foregoing statute the county assessor cites State v. Atlantic Oil Producing Co., 174 Okla. 61, 49 P. 2d 534, in which this court held that certain intangibles situated in Tulsa county but owned by the Atlantic Oil Producing Company, a foreign corporation, had acquired a business situs for tax purposes in Tulsa county, Okla.

Our holding in the foregoing case is explained by the second subdivision of section 1506, supra, which reads:

"(b) If owned by a corporation, association, common-law trust or business trust it shall be assessed in the county in which such organization has its principal place of business in this State."

In discussing the problem then before us, we quoted with approval from Crane Co. v. City of Des Moines, 208 Iowa, 164,. 225 N.W. 344, 76 A.L.R. 801, the following definition:

". . . 'Business situs,' at which intangible personalty is taxable, means situs in place other than owner's domicile, where owner, through agent or manager, is conducting business from which credits or open accounts grow and are used as part of agency's business, and does not cover merely transitory presence in state for merely temporary or isolated transactions, nor mere presence for safe-keeping or collection by agent or attorney."

If the tax protestant in the case at bar were a corporation or association, common-law trust, or business trust, so as to fall within the purview of subsection (b) of section 1506, supra, the cited case, State v. Atlantic Oil Producing Co., supra, would be entitled to great weight in this controversy. However, the case at bar is clearly distinguishable. The tax protestant is a resident of Oklahoma. He lives at Kingfisher, in Kingfisher county.

In Grieves v. State ex rel. County Attorney, 168 Okla. 642, 35 P. 2d 454, this court said:

"In regard to intangible property the maxim 'mobilia sequuntur personam' embodies the general principle in relation to its situs for the purposes of taxation. In the absence of controlling circumstances to the contrary, the general rule is that the situs of intangible property for the purpose of taxation is at the owner's domicile. . . ."

In Chestnut Securities Co. v. Oklahoma Tax Commission, 173 Okla. 369, 48 P. 2d 817, we stated:

". . . The presumption is that the situs of the intangible property sought to be taxed herein is the domicile of the plaintiff. . . ."

In Re Harris, Upham & Co., 194 Okla. 155, 148 P. 2d 191, we said:

". . . The general rule is that the situs of intangible property for the purposes of taxation is at the owner's domicile. . . ."

And quoting with approval from First Bank Stock Corp. v. Minnesota, 301 U.S. 234, 57 S. Ct. 677, 81 L. Ed. 1061, 113 A.L.R. 228, we observed that:

". . . in order to establish a 'commercial domicile' and to give a business situs, for the purposes of taxation, to intangibles which are used in the business or are incidental to it, they must have 'become integral parts of some local business.' . . . ."

The bank account involved in this case is retained at Enid, Okla. The only checks written on the account are those written by Greer when he makes a purchase of commercial paper which originated in Garfield county or in some one of the other counties of the state. Greer controls the account but drafts checks thereon at Kingfisher, Okla.

Upon consideration of the foregoing authorities and the facts in this case, we are of the opinion, and hold, that the intangible personal property involved in this action was properly listed and assessed in Kingfisher county, and that the trial court correctly decided it was not a proper subject for taxation in Garfield county.

The decision of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.