AUDITOR GENERAL *v.* STEVENS.

1. Taxation—Moratorium Statutes—Construction.

   Tax moratorium statutes must be construed as a part of the general tax system (Act No. 206, Pub. Acts 1893; as last amended by Acts Nos. 91, 114 and 325, Pub. Acts 1937; Act No. 126, Pub. Acts 1933, as last amended by Act No. 28, Pub. Acts 1937).

2. Statutes—Construction—Other Statutes Relating to Same Subject.

   Statutes will be construed if possible so that other statutes relating to the same subject may be given effect.

3. Same—Strict Construction.

   Strict construction of a statute should not be followed where such construction would defeat the main purpose of other statutes relating to the same subject.

4. Taxation—Construction of Statutes—Tax Moratorium Law—General Property Tax Law—Sales for Delinquent Taxes.

   Provision of tax moratorium statute as last amended prohibiting sale of lands delinquent for taxes in 1935 and prior years is construed as applicable only to lands upon which owners had elected to pay taxes under the tax moratorium act prior to such last amendment while special provisions for tax sales of lands upon which owners had not made such election to pay taxes under the instalment plan were subsequently enacted as amendments to the general property tax law, since any other construction would lead to the ridiculous conclusion that the tax laws penalize the diligent, reward the slothful, and deprive the State of its revenues (Act No. 126, Pub. Acts 1933, as last amended by Act No. 28, Pub. Acts 1937; Act No. 206, Pub. Acts 1893, as last amended by Act No. 325, Pub. Acts 1937).

5. Same—Sale for Delinquent Taxes—Collection Fees—Interest Charges.

   When a sale of land for delinquent taxes is ordered pursuant to the general tax law, provisions contained therein, and not those of the tax moratorium act, relative to collection fees and in-

terest charges are applicable (Act No. 206, § 60, Pub. Acts 1893, as amended by Act No. 325, Pub. Acts 1937; Act No. 126, Pub. Acts 1933, as amended).

Appeal from Montmorency; Smith (Fred P.), J. Submitted October 19, 1939. (Docket No. 123, Calendar No. 40,508.) Decided December 20, 1939.

Petition by George T. Gundry, Auditor General of the State of Michigan, for the sale of certain land for the taxes assessed thereon for the year 1935 and prior years. George D. Stevens, Henry K. Gustin and Florence V. Gustin filed objections thereto. Decree for petitioner. Objectors appeal. Affirmed.

*Thomas Read,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for petitioner.

*Henry K. Gustin,* for objectors.

BUSHNELL, J.   Defendants, owners of land in Montmorency county, appeal from a decree entered April 23, 1938, upon the petition of the auditor general. The decree ordered the sale of their lands and others to satisfy delinquent taxes assessed for 1933, 1934, 1935, and prior years. The objections filed by defendants to the petition were based principally upon a lack of statutory authority for sale of those lands upon which taxes were delinquent for 1935 and prior years. Other objections were also presented, including the claim of a mistake in computation by the auditor general of the collection fees added to the charges against the lands.

The questions presented by defendants' appeal have been summarized in the brief of the attorney general as follows:

"Construing as one harmonious system certain relevant provisions of—

"(First) the 'general property tax law' (Act No. 206, § 59 *et seq.,* Pub. Acts 1893 [Stat. Ann. § 7.103 *et seq.*], as amended by Acts Nos. 91, 114 and 325, Pub. Acts 1937), and

"(Second) the 'Moore-Holbeck Act' or 'Tax Moratorium Law' (Act No. 126, Pub. Acts 1933 [Comp. Laws Supp. 1940, § 3551–4 *et seq.,* Stat. Ann. § 7.231 *et seq.*], as amended by Act No. 28, Pub. Acts 1937), was the auditor general in 1938 authorized to proceed in the circuit courts of this State to obtain decrees for the sale of all lands delinquent for taxes of 1935 and prior years, including those owned by persons who had not taken advantage of the 'Tax Moratorium Law,' as well as those who had availed themselves thereof but had become delinquent in payment of any of the 10 annual instalments therein provided?"

The attorney general has included in his brief an appendix A, which contains the tax moratorium law and the several amendments thereto (1933–1937), and an appendix B, which gives the general property tax law and its various amendments. This brief will be available in due time in various law libraries of the State, and the profession will not be greatly aided at this time by lengthy quotations from the various acts.

The validity of the decree entered depends upon statutory authority.

Appellants deny the existence of such authority to order the sale of lands delinquent for 1935 and prior years, except those lands on which one or more unpaid moratorium tax instalments are due.

The attorney general says:

"The substance of appellants' contention is most clearly expressed on pages 27 and 31 of their brief:

"(1) 'It was clearly the intent of the legislature in the enactments of these three acts, between June 18 and July 25, 1937 ([our paren-

theses] Acts Nos. 91, 114, and 325, Pub. Acts 1937, amending certain sections of the "general property tax law," *ante*), to provide the machinery for court proceedings for the delinquent taxes of 1936, and subsequent years, but not for 1935 and prior years.' Appellants' brief, p. 27.

"(2) 'As for the delinquent taxes of 1935 and prior years, the legislature provided the means for collecting the delinquent instalments of the taxes under Act No. 126, Pub. Acts 1933, as amended, and by section 3 of said act provided the procedure by which they could attempt to enforce the delinquent instalments of the taxes for 1935 and previous years against the land.

"'The legislature has made no provision, as yet, for foreclosing the tax liens for the taxes of 1935 and prior years held on land upon which the owner of such land has not made application to the county treasurer to place these lands under the beneficial provisions of Act No. 126, Pub. Acts 1933, as amended.' Appellants' Brief, p. 31.

"Appellants take the position that for the purpose of the 1938 tax sale the legislature arbitrarily created two classes of taxpayers:
(first) those who took due advantage of the tax moratorium law by paying one or more of ten annual instalments, but later became delinquent;
(second) those who neglected the statutory privilege entirely, and failed to pay the first instalment."

This contention, if upheld, would give immunity to a property owner who failed to pay the first instalment and impose the harsh penalty of sale upon the taxpayer who paid that instalment but failed to make subsequent payments.

Appellants urge, in substance, that the trial court held that the claimed hiatus in the tax laws was cured by a "repeal by implication," and that, since repeals by implication are not favored and tax laws are to be strictly construed, the court erred in entering the decree of sale. As to such holding the decree is silent.

Section 7 of the tax moratorium law, Act No. 126, Pub. Acts 1933, which prohibited the sale of lands delinquent for taxes for 1931 and prior years, was amended by Act No. 11, Pub. Acts 1934 (1st Ex. Sess.), to include 1932 and prior years, and by Act

No. 28, Pub. Acts 1937, to include 1935 and prior years. The section after these amendments reads:

"The publication of the order and petition for the sale of lands delinquent for taxes for nineteen hundred thirty-five and prior years and of the description of such lands shall be prohibited from and after the taking effect of this act, so as to prohibit the sale of such lands for delinquent taxes for nineteen hundred thirty-five and prior years on the first Tuesday of May, nineteen hundred thirty-seven, and thereafter except as provided for in section 3 of this act."

Section 3 may be found in its original and amended form by reference to Act No. 126, Pub. Acts 1933, Act No. 73, Pub. Acts 1935, and Act No. 28, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3551–6, Stat. Ann. 1939 Cum. Supp. § 7.233). This section, as amended, provides in substance that, if payment of an instalment is not made before September first of the year in which such instalment becomes due, "the auditor general shall during the following May offer the lands for sale for all unpaid instalments due or to become due hereunder in accordance with the provisions of the general tax laws of the State applicable to delinquent taxes."

Appellants claim that, by the application of the rule of strict construction, the decree of the trial judge is unsupported by statute and is void. The attorney general recognizes the rule of strict construction as expressed in *Re Dodge Brothers,* 241 Mich. 665, 669, and *Gould* v. *Gould,* 245 U. S. 151 (38 Sup. Ct. 53), but claims that this rule is limited to the construction of those sections of an act which exact a tax or confine its scope and not to those provisions which prescribe means of its enforcement or collection. Appellee relies upon a line of cases which deal with various phases of tax laws, beginning with

*Clark* v. *Mowyer,* 5 Mich. 462, and extending to the recent case of *Township of Elba* v. *County of Gratiot,* 287 Mich. 372, 393. In the first, the court said (p. 465):

"The whole office of construction is to ascertain and give effect to the intention of the legislature. And in construing statutes in reference to tax sales, the rules of construction should be no more strict or technical, nor more loose and fanciful, than in the construction of statutes generally. In all alike, the legislative intent must govern."

In the latter, it said (p. 393):

"While such a construction would seem to result if the words of the statute were followed to the exact letter, still we think so strict a reading should not be sanctioned when, as in the instant case, it would serve no good purpose, but instead would obviously lead to strange and unwarranted results which it quite conclusively seems the legislature could not have intended."

We are urged by the attorney general's brief to hold that "the statutes here in question are *in pari materia,* and each of their several provisions should, if possible, be interpreted as a part of one harmonious system of taxation."

The tax moratorium law was enacted in recognition of public need and the "grave danger" to "the safety and security of property and home ownership in this State." Government cannot exist without taxation, but its needs could be met by the instalment collection of delinquent taxes and special assessments as provided in the tax moratorium law. Tax moratorium statutes must be construed as a part of the general tax system. For example, we held in *Rathbun* v. *State,* 284 Mich. 521, that the general property tax law was not amended or repealed by,

but was *in pari* materia with a subsequently enacted public domain statute, the court saying at page 532:

"The legislature having chosen to use the words, 'purchased' and 'lands sold,' with reference to homestead lands, it is unnecessary to search for the legislative intent outside the provisions of the statute for assistance in construing the act as to whether such transactions are sales. Such a literal construction is especially to be followed when otherwise the effect would be to nullify the objectives of a subsequent statute passed to effectuate great public interests; for statutes will be construed if possible so that other statutes with relation to the same subject may be given effect. Where a strict construction of a particular statute would defeat the main purpose of other statutes relating to the same subject, such construction should not be followed."

The question before us is not whether appellants' lands are liable for certain taxes, but whether the payment of undisputed taxes may be enforced by sale of such lands.

A reasonable construction of the applicable provisions of the general property tax law and the tax moratorium law supports the decree entered by the trial judge. Any other conclusion or interpretation would lead to the ridiculous conclusion that the tax laws penalize the diligent, reward the slothful, and deprive the State of its revenues.

The result we have reached in this case is fully justified by holding, as we do, that Act No. 126, § 7, Pub. Acts 1933, as amended by Act No. 28, Pub. Acts 1937, applies only to lands upon which the owners elected to pay the taxes under Act No. 126, Pub. Acts 1933, as amended (the Moore-Holbeck Act); and that the subsequently enacted provision in the general tax law (1 Comp. Laws 1929, § 3451, as amended by

Act No. 325, Pub. Acts 1937), specifically provides for holding tax sales of lands delinquent for taxes of 1933, 1934, and 1935, and prior years, and as to which the owners have not elected to pay the taxes under the instalment plan.

Appellants argue that the computation of the amount due is incorrect in that the auditor general "claimed and computed the amount due to be the amount of the original tax, plus 4 per cent. collection fee, interest at ¾ of 1 per cent. a month and penalties, instead of 10 per cent. of the original tax for each instalment, plus 2 per cent." There is a difference between the collection fee and interest charged on sales under the general tax law and that charged on instalment payments under the tax moratorium law. When sale is ordered, the provisions of section 60 of the general tax law, 1 Comp. Laws 1929, § 3451, as amended by Act No. 325, Pub. Acts 1937, are applicable.

The decree appealed from is affirmed, with costs against appellants.

BUTZEL, C. J., and WIEST, POTTER, CHANDLER, NORTH and McALLISTER, JJ., concurred. SHARPE, J., did not sit.